## ST. LOUIS UNIVERSITY d/b/a the University Hospital, Plaintiff–Appellant,

v.

## David BELLEVILLE and Kathleen Belleville, Defendants–Respondents.

### No. 53780.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 1988.

Nicholas G. Higgins, Clayton, for plaintiff-appellant.

Earl R. Blackwell, Hillsboro, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals from an order dismissing its petition as barred by the statute of limitations. We reverse and remand.

Plaintiff Saint Louis University Hospital admitted defendant David Belleville as a patient on October 7, 1979. On the same day, David signed a document wherein he agreed "unconditionally [to] guarantee pay-

ment for services rendered [to him] upon this admission." David's wife, Kathleen Belleville, also signed the document. Subsequently, a similar document was executed, but only David's signature appears thereon. David was released on October 16, readmitted on October 20, and then finally released on November 16, 1979.

Plaintiff filed suit on May 6, 1980, to collect the unpaid portion of David's account, but plaintiff voluntarily dismissed the suit without prejudice on March 30, 1981. Plaintiff refiled its petition in January 1987. Defendants moved to dismiss on the sole ground that plaintiff's petition was barred by the statute of limitations. The motion was sustained, and the petition was dismissed on August 13, 1987.

The only question on appeal is whether the circuit judge was correct in concluding that plaintiff's cause of action is barred by the statute of limitations. Since the case was disposed of by the circuit court on a motion to dismiss, we review the dismissal by "determin[ing] if the facts pleaded and reasonable inferences to be drawn from the allegations, when viewed in the light most favorable to the plaintiff, demonstrate any basis for relief." *San Luis Trails Ass'n. v. Harris Building Co., Inc.*, 706 S.W.2d 65, 67 (Mo.App.1986). Thus we accept the facts alleged in the petition as true. *Id.*

There are two possible statutes of limitations governing the disposition of this case. The first, a five-year statute, relates to contracts generally,[1] while the second, a ten-year statute, applies only to those contracts which are in writing and are for the payment of money.[2] Since plaintiff's petition was filed approximately eight years after the document in question was executed, the former statute of limitation

would bar the claim, while the latter would not.

To determine which section applies we must first ask whether the language of the document signed by defendants either expressly, or by fair implication, contains a promise to pay money. *Martin v. Potashnick*, 358 Mo. 833, 217 S.W.2d 379, 381 (1949); *Parker–Washington Co. v. Dennison*, 267 Mo. 199, 183 S.W. 1041, 1042 (1916). If the answer to that question is "yes" then the ten year statute applies. The fact that the amount to be paid is conditional or is to be ascertained in the future does not remove the document from the operation of the ten-year statute, *Martin*, 217 S.W.2d at 381, but the promise must not be shown by extrinsic evidence or result from operation of law. *Id.*

■ As we noted in our recent decision in *Mark Twain Bank, N.A. v. Platzelman*, 740 S.W.2d 388, 389 (Mo.App.1987), the foregoing rules, while easily stated, are not so easily applied. Defendants argue on appeal that the writing signed by them is not one for the payment of money. Instead, defendants characterize the writing as an indemnification contract. If defendants are correct, then the writing in question may well fall within the scope of the five-year statute. (For an excellent discussion of how the statutes of limitation apply to indemnification contracts, *see Superintendent of Insurance v. Livestock Market*, 709 S.W.2d 897 (Mo.App.1986).)

The characterization of the writing as an indemnification contract, however, misconstrues the nature of defendants' obligation. They agreed "unconditionally [to] *guarantee* payment" (emphasis added) for the services provided to David. Thus, according to the language of the document, defendants signed a guaranty, not a contract of indemnification.[3]

---

1. The pertinent part of this statute, § 516.120, RSMo 1986, provides that the following actions shall be brought within five years:

   (1) All actions upon contracts, obligations, liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited; ...

2. The pertinent part of this statute, § 516.110, RSMo 1986, provides that the following actions shall be brought within ten years:

   (1) Any action upon any writing, whether sealed or unsealed, for the payment of money or property; ...

3. A guaranty is a collateral contract and "presupposes some contract or transaction as principle thereto." *Eberly v. Lehmer*, 48 S.W.2d 151,

By construing the writing in question as a guarantee, we are bound by our decision in *Platzelman, supra,* to conclude that the writing contains a promise to pay money and is therefore governed by the ten-year statute of limitations. *See also Home Insurance Co. v. Mercantile Trust Co.,* 219 Mo.App. 645, 284 S.W. 834, 836 (1926). This conclusion is reinforced by the fact that the promise which defendants made, i.e. to pay for David's medical services, appears on the face of the guaranty, and thus no extrinsic evidence is necessary to ascertain the fact of the promise.

■ Defendants also argued below that since more than one year passed between the time plaintiff's original suit was dismissed on March 30, 1981, and the time when the claim was reinstated in January 1987, the latter claim is barred by § 516.230, RSMo 1986, which relates to nonsuits.[4] This argument is without merit. It is well settled that § 516.230 was designed to extend, not shorten the applicable limitation period. *Dane v. Cozean,* 584 S.W.2d 120, 122 (Mo.App.1979).

Accordingly, because the limitation period governing plaintiff's claim is the ten-year statute in § 516.110, and because the claim is not barred by § 516.230, the order dismissing plaintiff's claim is reversed and the cause remanded.

CRIST, P.J., and DOWD, J., concur.

153 (Mo.App.1932). An indemnification contract, on the other hand, "is [an] original and independent [contract], to which there is no collateral contract." *Id. See also Adelman v. Centerre Bank of Kansas City, N.A.,* 696 S.W.2d 802 (Mo.App.1985).

Also, according to 38 C.J.S. *Guaranty,* § 5 (1943) in determining whether an obligation is a guaranty or an indemnification contract, the language of the document controls unless it is ambiguous.

The distinction between a guaranty and indemnity contract may, however, be irrelevant for purposes of deciding which statute of limitation applies, since in *Missouri, K. & T. R.R. Co. v. American Surety Co.,* 291 Mo. 92, 236 S.W. 657 (banc 1921), the court held that an action on an indemnity bond fell within the ten-year statute. *But see Superintendent of Ins. v. Livestock Market,* 709 S.W.2d 897 (Mo.App.1986).

4. Section 516.230 provides in part, "[i]f any action shall have been commenced within the times prescribed in § 516.010 to § 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered ..."