**In re MOTELS OF AMERICA, INC.**

Bankruptcy Nos. 90–1008, 91–330 and 91–434.

United States Bankruptcy Court, D. Delaware.

Aug. 27, 1992.

Joanne B. Wills, John D. Demmy, Morris, James, Hitchens & Williams, Wilmington, Del., for debtor.

Kimler G. Casteel, Adams, Duque & Hazeltine, Los Angeles, Cal., for Grand Pacific Capital Corp.

HELEN S. BALICK, Bankruptcy Judge.

This is the court's decision on the objection of Motels of America, Inc. to the proof of claim (G–24) and proof of interest (G–25) filed by Grand Pacific Capital Corporation.

### 1. *Background*

A brief background will assist in understanding the claims and MOA's objections. In July 1987, MOA issued an offering placement memorandum concerning the issuance of preferred and common stock. With respect to 11% series A preferred stock, the memorandum granted a liquidation preference of $50 per share. The memorandum also required MOA to make sinking fund payments sufficient to retire 50% of this series by June 30, 1997.

Grand Pacific purchased 10,000 shares of this series. Indeed, MOA has listed Grand Pacific as an such an owner in its List of Equity Security Holders filed pursuant to Rule 1007(a)(3). Docket No. 153.

The bar date in this Chapter 11 case was April 1, 1991.

### 2. *MOA's Technical Objections*

Claim G–25

Grand Pacific filed a proof of interest for $500,000 (G–25). MOA has argued G–25 was filed on April 3, 1991, after the bar date, however, the court records indicate that G–25 was filed on April 1, 1991.

Claim G–24

On April 1, 1991, Grand Pacific filed a proof of claim for $250,000.00 (G–24). The claim seeks general, unsecured status. MOA objects that Grand Pacific fails to sufficiently explain or document the basis for its $250,000 claim. The court disagrees.

Claim G–24 states: "Pursuant to a 'Confidential Private Placement Memorandum,' Debtor became contractually obligated to retire at least 50% of Claimant's Preferred Stock and to pay 11% per annum cumulative dividends in quarterly installments." ¶ 3. The private placement memorandum was not filed with the claim.

Bankr.R. 3001(c) states:

When a claim, ..., is based on a writing, the original or a duplicate shall be filed with the proof of claim.

This rule assists a debtor-in-possession in ascertaining the basis and accuracy of the claim. *3 Collier on Bankruptcy* ¶ 501.1,

**546**

at 501–6 (1992). Six pages of MOA's brief argue the lack of merit to Grand Pacific's claim. Moreover, MOA itself attached the placement memorandum to its brief in support of its objection. Fifty per cent of 10,000 shares multiplied by $50 per share is $250,000, which equals the amount claimed. Under these circumstances, MOA has been sufficiently apprised of the basis of claim G–24, and disallowance pursuant to Rule 3001(c) would be inappropriate.

■ However, the court observes that Grand Pacific has not articulated any basis for Claim G–24 different than that for G–25. Claim G–25 states "[Grand Pacific's] 10,000 shares of 11% Series A Preferred Stock are entitled to a liquidation preference ... in the amount of approximately $50 per share...." ¶ 5. Claim G–25 also does not attach any writings.

Claim G–24 is therefore disallowed as duplicative of G–25.

### 3. *MOA's Substantive Objections*

■ MOA makes several arguments why claim G–25 should be disallowed. The only one that need be addressed here relates to the nature of Grand Pacific's interest.

Grand Pacific is merely an equity security holder of MOA's Series A preferred stock. It is not an unsecured creditor of MOA. Its equity interest will be treated in accordance with whatever plan is ultimately confirmed by this court. The court takes judicial notice that MOA's most recent filed plan places Grand Pacific's interest within Class XXI. This class receives no distribution under that plan.

IT IS SO ORDERED.