# United States Bankruptcy Appellate Panel

**FOR THE EIGHTH CIRCUIT**

———————

No. 97-6040SIDM

———————

In re:                                          *
                                                *
HEUANG VANH LEUANG,                             *
                                                *
          Debtor                                *
                                                *
TRI-COUNTY CREDIT UNION,                        *
                                          *
          Plaintiff-Appellant             *
                                           * Appeal from the United
     -v.-                                    * States Bankruptcy Court
                                          * for the Southern District
HEUANG VANH LEUANG,                          * of Iowa
                                                *
          Defendant-Appellee                *

———————

Submitted:  August 21, 1997

Filed:  September 10, 1997

———————

Before KRESSEL, SCHERMER, and DREHER, Bankruptcy Judges.

———————

DREHER, Bankruptcy Judge

     This is an appeal from the bankruptcy court's decision which determined that Debtor's obligations on three loan transactions were not excepted from discharge under § 523(a)(2)(A) of the Bankruptcy Code. For the reasons set forth below, we affirm.

In 1995, Debtor entered into three loan transactions with Appellant. In connection with each, Debtor signed a loan application which included personal financial information. Appellant asserts that Debtor made a number of false statements in the loan applications. These included representing that he was not married and had no dependents, that he owned three vehicles, and that he was a student and his father was an engineer. Appellant also asserts that, with respect to one of the loans, Debtor represented that he intended to use the proceeds to purchase a van when, in fact, he did not.

The bankruptcy court determined that Debtor made some false statements and did not use the proceeds of one of the loans to purchase a van, as Debtor had represented he would. The court also found that Appellant had not proved other elements of a cause of action under § 523(a)(2)(A). These included knowledge of falsity, intent to deceive, materiality, and justifiable reliance. The bankruptcy court, thus, held the debts arising from the loans were not excepted from discharge.

On appeal, findings of fact will not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of a witness. Fed. R. Bankr. P. 8013; First Nat'l Bank of Olathe, Kansas v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997). "A finding is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (*quoting* U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct.525, 541-42, 92 L.Ed. 746 (1948)).  We review the legal conclusions of the bankruptcy court de novo.  First Nat'l, 111 F.3d at 609; Estate of Sholdan v. Dietz, (In re Sholdan), 108 F.3d 886, 888 (8th Cir. 1997).

The bankruptcy court's findings of fact were not clearly erroneous.  There was ample evidence in the record to sustain each of the court's detailed factual findings.  Debtor explained each inconsistency in the loan applications and also provided an explanation for why he did not purchase the van with the loan proceeds.  The bankruptcy court judged his testimony to be credible.  It is not the function of an appellate court to substitute its judgment of the credibility of a witness for that of the trial court.  U.S. v. Triplett, 104 F.3d 1074, 1080 (8th Cir. 1997), *cert. denied*, __ U.S. __, 117 S.Ct. 1837, 137 L.Ed.2d 1042 (1997), *and cert. denied*, __ U.S. __, 117 S.Ct. 2445, 138 L.Ed.2d 204 (1997); U.S. v. Ballew, 40 F.3d 936, 942 (8th Cir. 1994), *cert. denied*, 514 U.S. 1091, 115 S.Ct. 1813, 131 L.Ed.2d 737 (1995); Handeen v. LeMaire (In re LeMaire), 898 F.2d 1346, 1349 (8th Cir. 1990).

The bankruptcy court concluded that the debts were not excepted from discharge under § 523(a)(2)(A).  However, § 523(a)(2)(B) was applicable to that portion of Appellant's case which rested on misrepresentations contained in written statements concerning Debtor's financial condition.  First Nat'l, 111 F.3d at 609.  Appellant did not specifically plead, nor attempt to prove, a cause of action under § 523(a)(2)(B). In addition to being deficient with respect to the elements of proof on which the bankruptcy court made findings, the record is devoid of any evidence[1] of reasonable reliance.  Appellant, thus, also failed to prove a cause of action under § 523(a)(2)(B).

ACCORDINGLY, the decision of the bankruptcy court is AFFIRMED.


A true copy.

Attest:


        CLERK, U.S. BANKRUPTCY APPELLATE PANEL
        FOR THE EIGHTH CIRCUIT

---

[1]     At oral argument debtor moved to strike portions of Appellant's Appendix, or, alternatively, to supplement the record.  This court has granted the request to supplement the record.  Accordingly, the record includes both the Appellant's Appendix and the Supplemental Appendix of the Defendant-Appellee.