**Tim COLLINS, D.C., Appellant,**

v.

**Debra NARUP, Respondent.**

**No. ED 78715.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 16, 2001.

David L. Baylard, Union, MO, for appellant.

Sidney A. Thayer, Jr. Washington, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Tim Collins, D.C. ("Doctor") appeals a summary judgment entered in favor of Debra Narup ("Patient") on the ground that his cause of action for monies owed by Patient to Doctor was barred by the five-year statute of limitations set forth in section 516.120.[1] We find that Doctor's cause of action is governed by the ten-year statute of limitations set forth in section 516.110(1).[2] Therefore, Doctor's claim is not time-barred. The judgment is reversed and the cause is remanded.

The facts relevant to the issue on appeal are essentially undisputed. Patient began receiving chiropractic treatment from Doctor on January 9, 1992. On the date of her first visit, Patient signed a written agreement, which provided in pertinent part: "I understand and agree that health and accident insurance policies are an arrangement between the carrier and myself, and that I am personally responsible for all services rendered to me." She continued treatment until January 20, 1993.

On August 19, 1999, Doctor filed a "Suit on Account" pursuant to Chapter 517 in associate circuit court against Patient, seeking payment for chiropractic services rendered to her from 1992 to 1993. Patient moved for summary judgment, alleging that Doctor's suit was barred by section 516.120. The associate circuit court granted Patient's motion, and Doctor applied for trial de novo in the circuit court. The circuit court also granted Patient's motion. Doctor appeals the circuit court's judgment.

When considering an appeal from a grant of summary judgment, "our review is essentially *de novo.*" *ITT Commercial Finance Corp. v. Mid-America Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). We will review the record in the light most favorable to the party against whom judgment was entered. *Id.* We take as true facts set forth by affidavit or otherwise in support of the moving party's motion unless contradicted by the non-moving party's response. *Id.* Summary judgment may be granted where the movant can establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 377. Because the trial court's judgment is founded on the record submitted and the law, we "need not defer to the trial court's order granting summary judgment." *Id.* at 376. Doctor does not chal-

---

1. Unless otherwise provided, all statutory references are to RSMo 2000. Section 516.120 provides in pertinent part: "Within five years: (1) All actions upon contracts, obligations, express or implied, except those mentioned in section 516.110 . . . ."

2. Section 516.110(1) provides: "Within ten years: (1) An action upon any writing, whether sealed or unsealed, for the payment of money or property . . . ."

lenge the existence or non-existence of undisputed material facts. Accordingly, we will only address whether Patient was entitled to summary judgment as a matter of law.

In his only point on appeal, Doctor argues that Patient's agreement to be personally liable for payment of all services rendered to her constitutes an action for payment of money under Section 516.110(1), rather than a breach of contract action under 516.120. As a result, he asserts that his claim is not time-barred because he filed his petition within ten years of when the cause of action accrued.

Section 516.110(1) imposes a ten-year statute of limitations for "an action upon any writing . . . .for the payment of money or property." For a claim to fall within Section 516.110(1) "it must appear that the money sued for is promised by the language of the writing. The promise must be contained within the writing and may not be shown by extrinsic evidence or consist of an obligation imposed by law from the facts." *Hampton Foods, Inc. v. Wetterau Finance Co.*, 831 S.W.2d 699, 701–02 (Mo.App.1992). However, the promise need not be stated in express terms so long as "the language of the writing, by fair implication, is open to the construction that it contains such a promise." *Zuvers v. Robertson*, 906 S.W.2d 892, 895 (Mo.App.1995). Once the plaintiff establishes the fact of a promise, the plaintiff may use extrinsic evidence to show other details, including the exact amount due. *See Community Title Co. v. Stewart Title Guaranty Co.*, 977 S.W.2d 501, 502 (Mo. banc 1998); *Hughes Development Co. v. Omega Realty Co.*, 951 S.W.2d 615, 617 (Mo. banc 1997).

In *St. Louis University v. Belleville*, 752 S.W.2d 481 (Mo.App.1988), this court considered a similar patient-physician agreement and concluded that section 516.110(1) governed the action. The patient signed a document at his doctor's request stating that he "agreed 'unconditionally [to] guarantee payment for services rendered [to him] upon this admission.'" *Id.* 481–82. Comparing the written agreement to a guaranty, the court determined that the writing contained a promise to pay money and was "therefore governed by the ten-year statute of limitations." *Id.* at 483. The court rejected the patient's characterization of the writing as an indemnity agreement, noting that an indemnity contract "is [an] original and independent [contract], to which there is no collateral contract." *Id.* at 482 n. 3 (citing *Eberly v. Lehmer*, 48 S.W.2d 151, 153 (Mo.App. 1932)). Focusing on the language of the agreement, especially the word "guarantee," the court reasoned that as a guaranty, the writing was a collateral contract, presupposing a definite principal transaction. As a result, the patient acknowledged a specific indebtedness when he signed the guaranty. *Id.* at 482–83 & n. 3. The court was not concerned whether the ultimate amount to be paid was conditional or was to be ascertained in the future. *Id.* It was enough that the patient's promise to pay for his medical services appeared on the face of the agreement, so that no extrinsic evidence was necessary to ascertain the fact of the promise. *Id.* at 483.

Here, Patient entered into an agreement almost identical to the patient-doctor agreement in *Belleville*. Prior to receiving services, Patient signed an agreement stating "I understand and agree . . . .that I am personally responsible for payment of all services rendered to me." The language of Doctor's agreement is similar to the language in the *Belleville* agreement because both affirmatively acknowledge an obligation to pay on their face. Further, Doctor's agreement even more readily fits within the requirements

of section 516.110(1) because it is a direct admission of a debt, rather than a mere guaranty of personal liability for the debt of another. Specifically, rather than agreeing to pay for services in the event Patient's insurance company failed to meet its obligations, Patient agreed that "heath and accident insurance policies are an arrangement between the carrier and myself, and that I am personally responsible for payment of all services rendered to me." In addition, neither the writing in the *Belleville* agreement nor Doctor's agreement contains specifics about the ultimate price of services or what actual services would be rendered, yet "[t]he fact that the amount to be paid is conditional or is to be ascertained in the future does not remove the document from the operation of the ten-year statute." *Belleville*, 752 S.W.2d at 482. Because Doctor bases his claim upon enforcement of Patient's written promise to pay money, section 516.110(1) governs.

We hold that the trial court erred in granting summary judgment to Patient because it improperly applied section 516.120 rather than 516.110(1) to Doctor's cause of action. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., concurs.

LAWRENCE E. MOONEY, J., concurs.