**In re DULLEA LAND COMPANY, DD & CD Farms, and DD & CD Family, LLP, Debtors.**

**Dullea Land Company, Plaintiff–Appellant,**

v.

**Ideal Ag Corporation, Defendant–Appellee.**

and

**DD & CD Farms, Plaintiff–Appellant,**

v.

**Ideal Ag Corporation, Defendant–Appellee.**

and

**DD & CD Family, LLP, Plaintiff–Appellant,**

v.

**Ideal Ag Corporation, Defendant–Appellee.**

No. 01–6037 ND.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Oct. 11, 2001.

Decided Oct. 29, 2001.

**34**

David L. Johnson, Fargo, ND, for Dullea Land Company.

Lowell P. Bottrell, Fargo, ND, and Kyle L. Carlson, Fargo, ND, on brief, for Ideal Ag Corporation.

Before: KRESSEL, SCHERMER and DREHER, Bankruptcy Judges.

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] determining that Ideal Ag Corporation ("Ideal Ag") did not receive a fraudulent or preferential transfer of property. For the reasons set forth below, we affirm.

## FACTS

In October, 1999, Debtors, Dullea Land Company, DD & CD Farms, and DD and CD Family, LLP (collectively known as "Debtors") sought to restructure existing loans with Ideal Ag. At the time Debtors owed $7,781,627.80 to Ideal Ag and were in default. Debtors executed three promissory notes in favor of Ideal Ag secured by various real estate mortgages.

Debtors subsequently defaulted in paying the notes. As a result, the parties entered into a settlement. As part of the settlement, Ideal Ag agreed to restructure the terms for payment of the promissory notes and to extend the maturity dates. In exchange, Debtors executed three quit claim deeds in lieu of foreclosure in favor of Ideal Ag. The parties agreed that, if Debtors defaulted in making payments, Ideal Ag could record the deeds and reduce the debt by 80 percent of the appraised value of the deeded land based upon a May 12, 2000 appraisal ("the Natwick appraisal") done by Herman Natwick ("Natwick"). Natwick had appraised the property, as of such date, at $6,196,000. Subsequently, Debtors did default. Ideal Ag then declared a default and recorded the deeds. It also reduced the then-outstanding debt by $4,956,800.

On November 13, 2000, Debtors filed these chapter 11 bankruptcy cases. They then commenced these adversary proceedings in which they claimed that the filing of the deeds and the resulting transfers were fraudulent conveyances under § 548 or preferential transfers under § 547 of the Bankruptcy Code. At the conclusion of trial, the bankruptcy court issued a lengthy written opinion in which it found that no fraudulent or preferential transfers

---

1. The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

had occurred. Central to the court's decision was its finding that Debtors had received reasonably equivalent value in return for the transfers of the property when Ideal Ag reduced the outstanding amount of the debt by $4,956,800.

On appeal Debtors challenge only one aspect of the bankruptcy court's decision. They assert that the bankruptcy court clearly erred when it accepted the testimony of Ideal Ag's experts and failed to credit Debtors' expert valuation testimony. They urge that this resulted in an erroneous valuation of the real estate by the bankruptcy court and an erroneous finding that Ideal Ag exchanged reasonably equivalent value when it forgave the agreed-upon amount of debt upon the transfer of the real estate.

## DECISION

### I. Standard of Review

■ An appellate court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See* FED.R.BANKR.P. 8013; *Martin v. Cox (In re Martin)*, 140 F.3d 806, 807 (8th Cir.1998); *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 790 (8th Cir. BAP 1999). The factual determinations of the Bankruptcy Court must be given conclusive effect unless they are "clearly erroneous." *Tri–County Credit Union v. Leuang (In re Leuang)*, 211 B.R. 908, 909 (8th Cir. BAP 1997); *Bergman v. Webb (In re Webb)*, 212 B.R. 320, 321 (8th Cir. BAP 1997). "A finding of fact is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 565, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

As recently articulated by the Eighth Circuit Court of Appeals, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Papio Keno Club, Inc. v. City of Papillion (In re Papio Keno Club, Inc.)*, 262 F.3d 725, 729 (8th Cir.2001) (*quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

### II. The Evidence

At trial expert witnesses for Ideal Ag testified that the fair market value of the properties that had been transferred was $4,925,000. Debtors' expert, Natwick, testified that the fair market value of the properties in question was $6,196,000. He based that testimony on his May 12, 2000 Appraisal Report which he had updated as of May 11, 2001. Dan Dullea also testified, as owner, to a comparable valuation.

The bankruptcy court articulated its reasons for crediting the expert testimony presented by Ideal Ag and discrediting Debtors' expert testimony. Specifically, the court noted several deficiencies in Natwick's methodology which surfaced during his testimony. The bankruptcy court also discounted the testimony of Dan Dullea, finding it to be selfserving and without credibility, especially because his current values were significantly higher than values Debtors had used in their bankruptcy schedules. The court also considered evidence that, for some time, Debtors had unsuccessfully listed the properties for sale for a combined value of $5,025,000. Based on its analysis of the evidence, the bankruptcy court determined that the amount Ideal Ag had credited to the debt was not only reasonably equivalent, but also fair market, value.

III. Accuracy of Valuation Finding

 Debtors argue that the bankruptcy court's decision on valuation was clearly erroneous because it failed to give any weight or credit to Natwick's expert testimony, supported by Dullea's own valuation as an owner. To the contrary, in reaching its decision on value, the bankruptcy court evaluated the evidence and the credibility of the witnesses, including Natwick. On appeal, we do not sit in judgment of the credibility or demeanor of witnesses and it is not our role to second guess a trial court's decision to credit the testimony of one side's expert and discredit the testimony of experts proffered by another. *See Wainwright v. Witt*, 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) (noting that determinations regarding credibility "are peculiarly within a trial judge's province"). It was certainly not unreasonable, let alone "clearly erroneous," for the bankruptcy court to discount the appraisal of Natwick and the testimony of Dullea when sufficient evidence supports that conclusion. "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574, 105 S.Ct. 1504 (*quoting United States v. Yellow Cab Co.*, 338 U.S. 338, 342, 70 S.Ct. 177, 94 L.Ed. 150 (1949)).

Accordingly, we affirm the decision of the bankruptcy court.