**CAPITAL ONE BANK, Plaintiff–Appellant**

v.

**Marsha K. CREED, Defendant–Respondent.**

**No. 27752.**

Missouri Court of Appeals, Southern District, Division One.

April 27, 2007.

---

David J. Weimer, Kramer & Frank, P.C., Kansas City, for appellant.

Brent D. Green, Springfield, for respondent.

JOHN E. PARRISH, Judge.

Capital One Bank (plaintiff) appeals a judgment for Marsha K. Creed (defendant) in an action for breach of contract and a counterclaim for declaratory judgment. This court affirms the part of the judgment for defendant on the breach of contract claim, reverses the part of the judgment rendered on the counterclaim for declaratory judgment, and remands.

Plaintiff alleged in its amended petition for breach of contract that it entered into a contract with defendant whereby plaintiff would extend credit to defendant. Plaintiff alleged that defendant agreed to pay the sums extended to her "per the terms of the contract"; that defendant breached the terms of her contract with plaintiff by failing to pay the amounts for which credit was extended; and, in addition, that defendant was indebted to plaintiff for attorney fees it incurred in bringing this action.

Defendant denied plaintiff's allegations and, in addition, asserted the affirmative defense that plaintiff's action was barred by the statute of limitations. Defendant also filed a counterclaim that sought declaration that defendant owed no money to plaintiff by reason of the credit card account on which plaintiff based its breach of contract claim. Defendant's counterclaim further sought to prohibit plaintiff from "assigning or otherwise transferring the account to any other buyer or assignee"; that "[p]laintiff be required to correct any negative credit reporting which occurred"; and that plaintiff be required to take steps required to remove the account on which plaintiff based its action against defendant from defendant's credit reports. Defendant requested reasonable attorney fees

incurred in defending the action brought by plaintiff.

Judgment was rendered February 9, 2006. It states:

On this 1st day of August, 2005, Plaintiff appears before the Court by David Weimer, Attorney at Law, and Neal Smith, Attorney at Law. Defendant appears by BRENT D. GREEN, Attorney at Law. Trial held, evidence heard. At Plaintiff's request, case continued to November 14, 2005.

On November 14, 2005, Plaintiff appears before the Court by David Weimer, Attorney at Law, and Neal Smith, Attorney at Law. Defendant appears in person and by BRENT D. GREEN, Attorney at Law,

Trial held, evidence heard.

The Court finds for Defendant on Plaintiff's Petition. The Court finds for Defendant on Defendant's Counterclaim and finds that Plaintiff owes Defendant attorney's fees in the amount of $3,000.00. Costs are taxed to Plaintiff.

NOW, THEREFORE, THE COURT ORDERS AND ADJUDGES that Judgment is hereby entered against Plaintiff and in favor of Defendant on Plaintiff's Petition. Court costs are taxed to Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of Defendant and against Plaintiff on Defendant's Counterclaim in the amount of $3,000.00. All costs, including all post judgment costs and Sheriff's fees, are taxed to Plaintiff.

Plaintiff raises four points on appeal. Points I and II are directed to the part of the judgment that found for defendant on plaintiff's breach of contract claim. Points III and IV are directed to the part of the

judgment directed to defendant's counterclaim for declaratory judgment.

 This was a court-tried case. This court's review is, therefore, undertaken in accordance with directives of Rule 84.13(d). "[W]e will affirm the judgment of the trial court unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. [*Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327 (Mo.App.1991) ] at 334[1]. Where, as here, the trial court makes no findings of fact, this court considers all fact issues to have been found in accordance with the result reached. *Id.* at 334[2]." *Delgado v. Mitchell,* 55 S.W.3d 508, 511–12 (Mo.App. 2001).

*Plaintiff's Breach of Contract Action*

Defendant contended that plaintiff's case was subject to § 516.120,[1] the five-year statute of limitations; that the statute barred plaintiff's breach of contract claim. A finding that the statute of limitations barred plaintiff's claim is in accordance with the result the trial court reached.

 Point II contends that the finding that plaintiff's claim was barred by the statute of limitations is error "because § 516.110, which establishes a ten-year limitation period, applies to a claim based on a written contract, or because even if § 516.120, which establishes a five-year limitation period, applies, a breach-of-contract claim does not accrue until a breach occurs, in that [defendant] breached her agreement, whether written or oral, by failing to make a payment due January 22, 2000, and [plaintiff] filed its action on January 3, 2005."

Section 516.120 states the general rule that actions on contracts must be brought

---

1. References to statutes are to RSMo 2000.

within five years. It states, as applicable here:

**516.120. What actions within five years.** Within five years:

(1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

. . .

One type of action § 516.110 exempts from those otherwise subject to § 516.120 is "[a]n action upon any writing, whether sealed or unsealed, for the payment of money or property." § 516.110(1). Those actions may be commenced within ten years. Plaintiff argues that the breach of contract claim it brought falls within this category.

■ "Generally, in order to constitute a promise to pay money within the meaning of § 516.110(1), the writing must contain a promise to pay money and the promise or obligation to pay the money must arise from the writing itself and may not be shown by extrinsic evidence." *Barberi v. University City*, 518 S.W.2d 457, 458 (Mo.App.1975). Plaintiff did not produce a written promise by defendant to pay money.[2] Section 516.110, the ten-year statute, is not applicable.

Plaintiff further argues that although there was no writing in which defendant expressed acceptance of plaintiff's extension of credit upon use of a credit card plaintiff issued, defendant's use of the credit card established acceptance of the terms stated in its customer agreement. Plaintiff contends this was sufficient to establish existence of a written contract pursuant to which defendant promised to pay money; that on that basis, the ten-year period permitted by § 516.110 applies. This court does not agree.

■ A claim for breach of contract evidenced by act or implied by law is governed by the five-year statute, § 516.120. *Collins v. Narup*, 57 S.W.3d 872, 874 (Mo. App.2001). *See also* the analysis in *Johnson v. State Mutual Life Assurance Co. of America*, 942 F.2d 1260, 1264–65 (8th Cir. 1991). *Johnson* concludes that under Missouri law, "if the plaintiff's contract claim is not based upon a written promise to pay money, so that any right to the payment of money must be proved by extrinsic evidence of a breach of contract, then the five-year statute applies." *Id.* at 1265. For plaintiff to recover on its action for breach of contract, plaintiff must have commenced this action within five years. § 516.120(1).

■ The running of a statute of limitation is a question of law although there may be questions of fact from which contradictory or differing conclusions may be drawn. *Allen v. Kuehnle*, 92 S.W.3d 135, 139 (Mo.App.2002). "The limitations period begins to run when the cause of action accrues." *Estate of Holtmeyer v. Piontek*, 913 S.W.2d 352, 356 (Mo.App.1996).

■ Statements of the account plaintiff seeks to collect reflect that plaintiff received payments as follows:

2. The only written documents plaintiff placed in evidence were writings it claimed were terms imposed as "customer agreements" for issuance of credit cards. These included documents dated 2001, 2002, and 2005, as well as others that were undated. Plaintiff produced no agreement that was signed by defendant. " 'Parol acceptance of an offer in writing does not give rise to an agreement or contract in writing, within the meaning of statutes relating to limitations governing actions on contracts in writing.' " *Lively v. Tabor*, 341 Mo. 352, 107 S.W.2d 62, 67 (1937), quoting 37 C.J. 758, § 86.

| Date Payment Received | Amount |
| --- | --- |
| January 26, 1998 | $3,379.75 |
| April 20, 1998 | 50.00 |
| June 29, 1998 | 125.00 |
| August 21, 1998 | 361.97 |
| November 9, 1998 | 125.00 |
| November 21, 1998 | 125.00 |
| December 19, 1998 | 200.00 |
| February 22, 1999 | 150.00 |
| August 30, 1999 | 210.00 |
| October 2, 1999 | 210.00 |
| December 2, 1999 | 150.00 |

The December 2, 1999, payment was the last amount paid on the account. This action was filed January 3, 2005.

Plaintiff sent defendant's account "to collections" on October 24, 1998, and on March 25, 1999. Payment plans were arranged but not met. The last payment plan required defendant to pay $210 on August 30, 1999, on September 30, 1999, and on October 30, 1999. The first payment was made via telephone on August 30. The September 30 payment was not timely made (a payment of $210 was made October 2, 1999). The payment owed October 30 was not paid but $150 was paid December 2, 1999.

The payment plan was breached no later than when defendant failed to pay the $210 payment that was due October 30, 1999. Thus, there was evidence that plaintiff's claim for breach of contract accrued, at the very latest, October 30, 1999. Arguably defendant's December 2, 1999, $150 partial payment tolled and extended the statute of limitations five years from that date. In any case, Plaintiff's petition was not filed until January 3, 2005, more than five years after either date. It is barred by § 516.120. Point II is denied. Point I is moot.

*Defendant's Counterclaim for Declaratory Judgment*

▆▆▆ Defendant's counterclaim requested that the trial court declare that defendant owed no money on the credit card account that was the basis for plaintiff's action for breach of contract. It requested that the trial court prohibit plaintiff "from selling, assigning or otherwise transferring the account to any other buyer or assignee." It further requested "that Plaintiff be required to correct any negative credit reporting which occurred as a result of this account, including an order ... that Plaintiff shall take all steps necessary to remove said account from all of Defendant's credit reports and to negate any negative credit report made by Plaintiff by deleting the information that [the] account was charged off."

▆▆▆ The judgment states that the trial court found "in favor of Defendant ... on Defendant's Counterclaim." Judgment was entered for defendant and against plaintiff on defendant's counterclaim.[3] Point III contends the trial court erred by entering judgment for defendant on her counterclaim because no adequate claim for declaratory judgment was made "in that [defendant] sought and received relief based solely upon her defenses" to the breach of contract claim.

The declaratory judgment power "is not to be invoked where an adequate remedy already exists." *Preferred Physicians [Mut. Mgmt. Group, Inc. v. Preferred Physicians Mut. Risk Retention Group]*, 916 S.W.2d [821] at 824 [ (Mo.App.1995) ]; *see also Cronin [v. State Farm Fire & Cas. Co.]*, 958 S.W.2d [583] at 587–88 [ (Mo.App.1997) ]

**3.** Had declaratory judgment relief been appropriate, the judgment would, arguably, be subject to attack for failure to declare the rights of the parties. A finding in favor of a party without otherwise declaring respective rights of parties to the action is insufficient in a declaratory judgment action. *Smith v. Pettis County*, 345 Mo. 839, 136 S.W.2d 282, 285 (1940).

880

(stating that, except in unusual circumstances plainly appearing, a declaratory judgment action cannot be maintained if an adequate remedy exists, regardless of whether the adequate remedy is legal or equitable). "For the purpose of this rule, an adequate remedy exists if the plaintiff could assert the issues sought to be declared as a defense in an action brought by the defendant." *Preferred Physicians*, 916 S.W.2d at 824. *Van Dyke v. LVS Building Corp.*, 174 S.W.3d 689, 692 (Mo.App.2005).

Defendant's request for judgment declaring that nothing was owed plaintiff on the credit card account on which plaintiff brought its breach of contract action was based on the same allegations on which defendant relied in defending the breach of contract claim. An adequate remedy existed to determine those issues apart from a request for declaratory judgment.

The other relief the counterclaim sought was injunctive in nature. It requested that plaintiff be prohibited from doing various acts and mandated to do others. No explanation is given as to why this was included in a request for declaratory judgment. A request for declaratory judgment is not a substitute for other existing remedies. *O'Meara v. New York Life Ins. Co.*, 237 Mo.App. 409, 169 S.W.2d 116, 122 (1943). Other than in exceptional circumstances, declaratory judgment relief is not available where other adequate remedies exist. *Cronin v. State Farm, supra,* at 587. No exceptional circumstances were shown. The trial court erred in entering judgment on defendant's counterclaim for declaratory judgment. Point III is granted.

Point IV is directed to the award of attorney fees as part of the judgment entered on defendant's counterclaim for declaratory judgment. Plaintiff asserts the award of attorney fees was error. Point

III is determinative of the claim of error in Point IV. Defendant was not entitled to relief on her counterclaim for declaratory judgment. It was error to enter judgment for attorney fees. Point IV is granted.

The part of the judgment awarding defendant judgment on plaintiff's petition for breach of contract is affirmed. The part of the judgment purporting to grant the relief requested in defendant's counterclaim for declaratory judgment is reversed. The case is remanded for entry of judgment consistent with this opinion.

RAHMEYER, P.J., and SCOTT, J., concur.