NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2011[*]
Decided November14, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2015

| | |
|---|---|
| IN RE: | Appeal from the United States District |
| MARY ANN HOOD, | Court for the Southern District of Illinois. |
| *Debtor-Appellant.* | |
| | No. 11-cv-0028-MJR |
| | Michael J. Reagan, |
| | *Judge.* |

**O R D E R**

Mary Ann Hood filed a petition under Chapter 7 of the Bankruptcy Code in June 2009. She listed "American Express" on her Schedule F as having an unsecured, nonpriority claim for "credit card debt" totaling $5,021.99. American Express Centurion Bank, a subsidiary of the American Express Company, timely filed a proof of claim for the prepetition balance of $5,021.99 on Hood's credit-card account. Hood objected, through counsel, that the proof of claim lacked supporting documentation, included unsubstantiated charges for interest and penalties, failed to identify the original holder of the claim or

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

explain how it came to be possessed by this American Express subsidiary, and was barred by the statute of limitations. *See* 11 U.S.C. § 502(a). In response, American Express Centurion Bank ("AMEX Centurion") amended its proof of claim to add further documentation, including a 2005 account agreement, billing statements in Hood's name covering the months from January 2004 through the filing of the bankruptcy, and copies of several canceled checks written to American Express by Hood from late 2004 through April 2006. Hood still objected that the amount of the claim was overstated and that AMEX Centurion had not produced a signed agreement or records dating back to February 1985 when she first opened the account. She also maintained—at this point without counsel—that the unpaid balance no longer was collectable because she was living in Missouri both when she opened the account and when, she says, it was closed in 2004. By her math that state's 5-year statute of limitations would have run before she filed her bankruptcy petition in 2009.

The bankruptcy court conducted a hearing on Hood's objection and overruled it. The court concluded that the proof of claim was valid and had not been undermined in any way by Hood. And concerning whether the debt was still collectable, the court acknowledged AMEX Centurion's contention that its written agreement with Hood included a choice-of-law provision incorporating Utah, not Missouri, law, but the court reasoned that choosing between these states was unnecessary because under the law of either state the statute of limitations would not have commenced running until Hood stopped making payments in April 2006. Further, due to the volume of transactions extending into August 2005, the court declined to credit Hood's assertion that she had closed her account in June 2004. Hood repeatedly sought reconsideration of this ruling, and the bankruptcy judge construed the last of her motions as a notice of appeal to the district court. *See* 28 U.S.C. § 158(a). The district court rejected all of Hood's arguments, and this appeal followed.

A bankruptcy judge's decision to allow a claim is a "final" order that is immediately appealable to the district court under § 158(a)(1). *See In re Perry*, 391 F.3d 282, 285 (1st Cir. 2004); *Matter of Wade*, 991 F.2d 402, 406 (7th Cir. 1993). In turn, the district court's ruling is appealable under 28 U.S.C. § 158(d)(1). Our review in a bankruptcy appeal is plenary, so we examine the bankruptcy judge's decision in the same manner as the district court. *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010). Hood's arguments are difficult to follow, but we understand her to contest the bankruptcy judge's conclusions that the proof of claim enjoyed an unrebutted presumption of validity and was not subject to a statute-of-limitations defense.

A properly executed and filed proof of claim is prima facie evidence that a claim is valid. FED. R. BANKR. P. 3001(f); *In re Airadigm Communications, Inc.*, 616 F.3d 642, 659 (7th Cir. 2010); *Matter of Carlson*, 126 F.3d 915, 921–22 (7th Cir. 1997). A proof of claim is

sufficient if it conforms substantially to Official Form 10, *see* FED. R. BANKR. P. 3001(a), and gives specific notice of the creditor's intent to hold the bankruptcy estate liable for a debt or other right to payment, *Gens v. Resolution Trust Corp.*, 112 F.3d 569, 575 (1st Cir.1997); *In re Chateaugay Corp.*, 94 F.3d 772, 777 (2d Cir. 1996); *In re marchFirst, Inc.*, 431 B.R. 436, 443 (Bankr. N.D. Ill. 2010). Claims for credit-card debt, because they are based on written instruments, generally must be accompanied by documentation to be prima facie valid. S*ee* FED. R. BANKR. P. 3001(c); *In re Heath*, 331 B.R. 424, 432 (9th Cir. BAP 2005); *In re O'Brien*, 440 B.R. 654, 661 (Bankr. E.D. Pa. 2010). AMEX Centurion supplied Hood with extensive documentation, including copies of checks she wrote to the company and several years of billing statements. Hood argues, though, that she should have been given the written agreement that governed her very first American Express card in 1985. We cannot agree. That document had long been superseded, which is why AMEX Centurion submitted the 2005 agreement that Hood would have accepted by continuing to use her credit card, as her account statements reflect that she did through August 2005. *See Anonymous v. JP Morgan Chase & Co.*, No. 05 Civ. 2442 (JGK), 2005 U.S. Dist. LEXIS 26083, at *9–10 (S.D.N.Y. Oct. 31, 2005); *Perry v. FleetBoston Fin. Corp.*, No. 04-507, 2004 U.S. Dist. LEXIS 12616, at *16 (E.D. Pa. July 6, 2004). Rule 3001(c)'s purpose is to help debtors determine whether claims are valid, *In re O'Brien*, 440 B.R. at 662–63; *In re Motels of Am., Inc.*, 146 B.R. 544, 545–46 (Bankr. D. Del. 1992), and forcing creditors to produce outdated paperwork for revolving charge accounts opened years before the bankruptcy would be pointless.

Once a creditor has filed a claim of prima facie validity, as AMEX Centurion did in this case, a bankruptcy court must allow the claim unless a party in interest objects and produces evidence sufficient to rebut the claim. 11 U.S.C. § 502(b); *Matter of Carlson*, 126 F.3d at 921–22. *See also Adair v. Sherman*, 230 F.3d 890, 894 n.3 (7th Cir. 2000) (defining party in interest to include debtor and anyone else with a legally protected interest that could be affected). And if an interested party does object, the bankruptcy court must still allow the claim unless it falls under one of nine statutorily defined exceptions. 11 U.S.C. § 502(b). One of those exceptions is for claims that are unenforceable, which Hood apparently means to invoke by asserting that AMEX Centurion's proof of claim was time-barred. *See* 11 U.S.C. § 502(b)(1), (9); *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007) ("[Section 502(b)(1)] is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy.").

Hood did nothing to rebut the challenged proof of claim. Indeed, the bankruptcy court was entitled to construe as a judicial admission her listing in Schedule F of an "American Express" debt that matched precisely the indebtedness and account number identified in the proof of claim. FED. R. EVID. 801(d)(2); FED. R. BANKR. P. 9017; *Sovran Bank, N.A. v. Anderson*, 743 F.2d 223, 225 n.1 (4th Cir. 1984). And though Hood tried later to

persuade the district court to give credence to credit-bureau printouts from 2006 showing the debt to be less than the amount stated in the proof of claim, the bankruptcy court was entitled as the trier of fact to decide how to weigh the evidence before it, which these printouts were not. *See Matter of Love*, 957 F.2d 1350, 1354 (7th Cir. 1992); *In re Nelson*, 357 B.R. 508, 511 (8th Cir. BAP 2006). And while Hood now accuses her former bankruptcy lawyer of scheduling this particular debt without her consent, she was bound by the actions of the lawyer she retained. *See Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1028 (7th Cir. 2006).

Because Hood made partial payments on her account in April 2006, her statute-of-limitations defense also fails. AMEX Centurion stands by its assertion that Utah law governs because of a choice-of-law clause in the relevant account agreement. Utah's statute of limitations is either six years or four, depending on whether Hood's debt is deemed to be "based on a writing." *Compare* UTAH CODE ANN. § 78B-2-309 *with id*. § 78B-2-307(1)(a). *See also In re Cluff*, 313 B.R. 323, 336 (Bankr. D. Utah 2004) ("[Credit card] debts are based on a writing because the debts (the legal obligations) are evidenced by the monthly charges and fees which were electronically recorded and transmitted into a monthly statement."). Even the shorter period, though, would not have commenced until the last payment was received from Hood in April 2006, UTAH CODE ANN. § 78B-2-307(1)(a), which was less than four years before she filed her Chapter 7 case and less than four years before AMEX Centurion filed its proof of claim in September 2009. Moreover, even if the Missouri statute did control, *see* MO. REV. STAT. § 516.120, her partial payments would have tolled the statute of limitations, s*ee Heidbreder v. Tambke*, 284 S.W.3d 740, 746–47 (Mo. Ct. App. W.D. 2009) ("Where nothing appears to show a contrary intention, the payment alone prevents the statute from barring the claim."); *Capital One Bank v. Creed*, 220 S.W.3d 874, 879 (Mo. Ct. App. 2007). Finally, even if the statute of limitations commenced running with the last new charges to Hood's account in August 2005, the statute of limitations was tolled by Hood's bankruptcy filing. *See* Utah Code Ann. § 78B-2-112; *Sittner v. Schriever*, 22 P.3d 784, 788 (Utah App. 2001).

Hood's remaining contentions of error do not require discussion. Accordingly, the judgment of the district court is **AFFIRMED**.