**HUGHES DEVELOPMENT COMPANY, Appellant,**

v.

**OMEGA REALTY COMPANY, Respondent.**

**No. 79923.**

Supreme Court of Missouri,
En Banc.

Sept. 30, 1997.

Rehearing Denied Oct. 21, 1997.

James W. Tippin, Keith A. Cutler, Kansas City, for Appellant.

Lloyd S. Hellman, Kansas City, for Respondent.

ROBERTSON, Judge.

We granted transfer in this case, Mo. Const. art. V, section 10, to consider whether the five-year statute of limitations for contract actions contained in section 516.120(1), RSMo 1994, or the ten-year statute of limitations for writings contained in section 516.110(1), RSMo 1994, applies to an action to recover money allegedly earned and payable under a written contract for services. We hold that the ten-year limit applies, reverse the judgment of the trial court and remand for further, consistent proceedings.

## I.

Hughes Development Company ("Hughes") and Omega Realty Company ("Omega") are real estate management companies that manage apartment complexes in the Kansas City area. Omega had contracts to manage several apartment complexes and determined that it needed assistance in its efforts. In May, 1988, Hughes and Omega entered into a written management service agreement under which Hughes agreed to assist Omega in the management of the apartments and Omega agreed to pay Hughes a percentage of the management fees that Omega collected from the apartment owners with whom Omega had previously contracted.

On May 30, 1995, Hughes filed an action for breach of contract against Omega after Omega refused to pay what Hughes believed Omega owed. Omega answered and filed a motion for summary judgment, claiming that section 516.120(1), the five-year statute of limitations, time-barred the action. The trial court sustained Omega's summary judgment motion. Hughes appealed.

## II.

■ Missouri has two statutes of limitation relating generally to contract actions: sections 516.110(1) and 516.120, RSMo. Section 516.110(1) applies to an "action upon any writing, whether sealed or unsealed, for the payment of money or property" and allows the claim to be brought within ten years. Section 516.120(1) applies to "[a]ll actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110." Under 516.110, all claims must be brought within five years.

These statutes have a hoary tenure in Missouri law. The original version appeared in 1835. "All actions of debt founded on any writing, whether sealed or unsealed" and "[a]ll actions of assumpsit founded on any writing for the direct payment of money" had a ten-year statute of limitations. 1835 Mo. Rev Stat. 393. The five-year statute of limitations applied to "[a]ll actions of debt founded on any contract or liability, and not in this act otherwise specially limited." *Id.* By 1849, the statutes contained the language now employed, without change, in the current law. 1849 Laws of Mo. 74.

Despite nearly a century and a half of experience with these statutes of limitation, Missouri appellate courts have lurched unevenly from holding to holding, unable to craft a principled interpretation of the statutory language that could produce either consistency or predictability of application. For example, and without nearly exhausting the possible examples, our courts have applied the ten-year statute to suits on an attachment bond, *State ex rel. Enterprise Milling*

*Co. v. Brown,* 208 Mo. 613, 106 S.W. 630 (1907); an action to recover life insurance benefits, *Liebing v. Mutual Life Ins. Co.,* 269 Mo. 509, 191 S.W. 250 (1916); a suit on an indemnity bond, *Missouri, Kansas and Texas Ry. v. American Surety Co.,* 291 Mo. 92, 236 S.W. 657 (Mo. banc 1921); a suit to obtain group disability insurance benefits, *Crawford v. Metropolitan Life Ins. Co.,* 167 S.W.2d 915 (Mo.App.1943); and an action to collect an exclusive real estate sales agent commission, *South Side Realty Co. v. Hamblin,* 387 S.W.2d 224 (Mo.App.1964); an action to collect uninsured motorist benefits, *Edwards v. State Farm Ins. Co.,* 574 S.W.2d 505 (Mo.App.1978); a suit to recover a continuing guaranty payment, *Mark Twain Bank v. Platzelman,* 740 S.W.2d 388 (Mo. App.1987); an action on a guaranty of payment for future services, *St. Louis University v. Belleville,* 752 S.W.2d 481 (Mo.App. 1988). These cases have in common a rule that any writing containing a promise by the defendant to pay money falls under the ten-year statute of limitations where the plaintiff seeks monetary damages.

Courts have applied the five-year statute of limitations to an action for breach of contract to secure contracts for paving and pay an amount for asphalt preparation, *Parker–Washington Co. v. Dennison,* 267 Mo. 199, 183 S.W. 1041 (1916); an action on a written agreement for an open account where extrinsic evidence is necessary to prove the amount owed, *Martin v. Potashnick,* 358 Mo. 833, 217 S.W.2d 379 (1949); and an action on a written indemnity contract where extrinsic evidence is necessary to prove damages, *Superintendent of Insurance v. Livestock Market Insurance Agency,* 709 S.W.2d 897 (Mo. App.1986). Under these cases, the rule seems to be that the contractual writing must establish an absolute and fixed liability without resort to extrinsic evidence. The language of these cases seems to limit application of the ten-year statute to financial instruments.

■ Given the state of the case law, we are fully justified in ignoring the precedent in favor of the statute itself. Section 516.110(1) is not ambiguous if one reads it without concern for outcome. Taken at its plain meaning, section 516.110(1), the ten-year statute of limitations applies to every breach of contract action in which the plaintiff seeks a judgment from the defendant for payment of money the defendant agreed to pay in a written contract. Section 516.110(1) imposes no requirement that the amount the defendant owes as a result of the written contract be determinable without resort to extrinsic evidence and neither shall we. This is the application of section 516.010(1), admittedly quite broad, that we adopt.

In this case, the contract is in writing. Hughes seeks a judgment against Omega for payment of money as agreed in the contract. Section 516.110(1) applies. The trial court erred in applying the five-year statute of limitations contained in section 516.120(1) and in entering summary judgment for Omega.

### III.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.