**COMMUNITY TITLE CO., Appellant,**

v.

**STEWART TITLE GUARANTY CO., Respondent.**

No. 80917.

Supreme Court of Missouri,
En Banc.

Oct. 20, 1998.

Thomas A. Connelly, P.C., Michael J. Angelides, St. Louis, for Appellant.

Thomas Cummings, Jeffrey T. McPherson, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for Respondent.

PER CURIAM.[1]

Community Title Company ("appellant") appeals from a summary judgment entered in favor of Stewart Title Guaranty Company ("respondent"). Appellant's original claim against respondent for breach of contract in failing to pay money due was dismissed without prejudice over four years after the cause of action accrued. Appellant re-filed the claim approximately fifteen months later, which was beyond the five-year breach of contract statute of limitations. The trial court held that appellant's claim was time barred by the five-year statute of limitations. However, the ten-year statute of limitations for money due under a writing is applicable. The judgment is reversed, and the cause is remanded.

In 1981 appellant and respondent entered into a title insurance underwriting agreement. The agreement generally provided that appellant would serve as respondent's agent for the issuance of title insurance policies. Under the agreement, appellant pledged to assist respondent in establishing other title insurance agencies ("agents"). In return, respondent pledged to pay appellant a percentage of its receipts from those agents.

On June 30, 1992, respondent filed suit against appellant for breach of contract seeking underwriter's fees allegedly due to it pursuant to the underwriting agreement. Appellant asserted a counterclaim seeking (1) an accounting and (2) payment of money due under the agreement. On May 10, 1995, the trial court dismissed appellant's counterclaim without prejudice. Appellant filed the current petition on August 30, 1996, reasserting its cause of action against respondent. Respondent filed a motion for summary judgment claiming that appellant's cause of action was barred by the five-year statute of limitations. Appellant, along with a reply to respondent's motion, filed its own motion for

---

1. The appeal in this case was originally decided by the Court of Appeals, Eastern District, in an opinion written by the Honorable Mary Rhodes Russell. Following transfer to this Court, the court of appeals opinion, as modified, is adopted as the opinion of the Court.

partial summary judgment, arguing that the ten-year statute of limitations was applicable. The trial court entered an order granting respondent's motion for summary judgment and denying appellant's motion for partial summary judgment. This appeal follows.[2]

Appellate review of the propriety of summary judgment is essentially *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *General Motors Corp. v. City of Kansas City,* 895 S.W.2d 59, 61 (Mo.App. 1995), *cert. denied,* 516 U.S. 909, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995).

Section 516.110(1), RSMo 1994,[3] states that a ten-year statute of limitations applies to "[a]n action upon any writing, whether sealed or unsealed, for the payment of money or property." Section 516.120(1) provides a five-year statute of limitations for "[a]ll actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110 . . . ."

■ Appellant claims that the trial court erred because the agreement that the parties entered into was a promise to pay money and, therefore, the agreement should be governed by the ten-year statute of limitations. Both parties agree that appellant's cause of action accrued, if at all, no later than February 1991. Appellant's original filing in 1992 was timely under either the five or ten-year statute of limitations. When the trial court dismissed appellant's claim, in May 1995, less than a year remained before expiration of the five-year statute of limitations. While the savings statute provides another year for re-filing following the dismissal of a timely filed

claim, appellant's re-filing, in August 1996, was outside that window. Thus, if the five-year statute of limitations applies to appellant's claim, it is time barred. But if the ten-year statute of limitations applies, appellant's August 1996 filing is timely.

The agreement states, in pertinent part, "[Respondent] shall . . . compensate [appellant] as follows: Pay [appellant] annually . . . twenty percent (20%) of the cash amount received by [respondent] from such Agents."

■ Respondent contends that whether it ever became obligated to pay money to appellant under this provision can only be proved by facts extrinsic to the agreement, including the agents' performance of services for customers, the customers' payment to the agents, and respondent's receipt of cash from the agents. However, once it is shown that the writing is for the payment of money and that the writing contains a promise to pay money, the exact amount to be paid or other detail of the obligation may be shown by extrinsic evidence – but not the promise itself. *Superintendent of Ins. v. Livestock Market,* 709 S.W.2d 897 (Mo.App.1986). In this case, the promise itself is contained in the writing. This distinguishes this case from those cited by the respondent. In *Martin v. Potashnick,* 358 Mo. 833, 217 S.W.2d 379 (1949), the agreement is to submit the controverted items to an arbitrator and abide by the arbitrator's decision. In *Van Stratten v. Friesen,* 841 S.W.2d 750 (Mo.App.1992), the amount to be paid was conditioned on several contingencies. Finally, in *McIntyre v. Kansas City,* 237 Mo.App. 1178, 171 S.W.2d 805 (1943), the suit sought damages for a breach of contract where the amount owed was dependent on contingencies that did not occur. In this case there is an absolute and fixed liability to pay "twenty percent (20%) of the cash amount received by [respondent] from such [a]gents." The promise to pay a specified amount of money is in the contract, and the suit seeks to enforce this promise of the contract. In these circum-

---

**2.** Respondent filed a motion to dismiss the appeal or in the alternative to strike the appendix to appellant's brief. We deny the motion to dismiss, but grant the motion to strike the appendix.

**3.** All statutory references hereinafter are to RSMo 1994 unless otherwise indicated.

stances, the ten-year statute of limitations in section 516.110, RSMo 1994, is applicable.

The judgment of the trial court is reversed, and the cause is remanded.

All concur.