

# SUPREME COURT OF MISSOURI
## en banc

John M. Rolwing,  )
                                          )
      Appellant-Respondent,  )
                                          )
vs.  )      No. SC93756
                                          )
Nestle Holdings, Inc.,  )
                                          )
      Respondent-Appellant.  )

Appeal from the Circuit Court of the City of St. Louis
The Honorable Steven R. Ohmer, Judge

*Opinion issued June 10, 2014*

John Rolwing appeals a judgment dismissing with prejudice his petition for breach of contract. Rolwing's petition alleged that Nestle Holdings Inc. violated a stock merger agreement by making a late payment to shareholders. The petition was filed more than five years after the alleged late payment. Rolwing sought recovery of interest for the late payment. The trial court dismissed the petition pursuant to section 516.120(1), which applies a five-year limitations period to "[a]ll actions upon contracts … except those mentioned in section 516.110."[1] Rolwing argues that the trial court erred in not applying the 10-year statute of limitations in section 516.110(1), which applies to all actions "upon any writing … for the payment of money …."

---

[1] All statutory references are to RSMo 2000.

Rolwing is not suing to enforce the payment of money promised in the contract. Instead, Rolwing's alleged damages consist of interest that was not promised in the merger agreement. Consequently, the applicable statute is the five-year limitations period set forth in section 516.120(1).

Rolwing also argues that, if the five-year statute applies, the petition is still timely because the five-year limitations period was tolled by a pending class action against Nestle in Ohio. Rolwing has identified no authority holding that a pending class action in one state tolls the statute of limitations in another state. The judgment is affirmed.

## I. Facts

Rolwing alleges that on January 15, 2001, Nestle entered a merger agreement with Ralston Purina Company. Rolwing was a Ralston shareholder. The merger agreement provides that, at the "effective time" of the merger, Ralston stock would be converted into a right for all Ralston shareholders to receive $33.50 per share. Rolwing alleges that the stock was converted on December 14, 2001, but he and other Ralston shareholders were not paid until December 18, 2001.

On March 30, 2011, Rolwing filed a class action petition alleging that Nestle breached the merger agreement by failing to timely pay shareholders the $33.50 per share owed pursuant to the agreement. Rolwing alleged he and other class members, as book entry shareholders, were entitled to interest for the alleged

late payment as a matter of custom and practice. The petition seeks interest at the statutory rate for the alleged late payment.

The trial court sustained Nestles' motion to dismiss the petition as barred by the five-year statute of limitations in section 516.120(1). Rolwing raises five points on appeal: (1) the trial court erred in applying the five-year statute instead of the 10-year statute; (2) if the five-year statute applies, the petition was timely because the statute was tolled by the pending Ohio action; (3) the trial court erred in not finding that the petition adequately alleged equitable tolling; (4) the trial court erred in denying an opportunity to amend the petition to allege equitable tolling adequately; and (5) none of the other grounds in Nestle's motion to dismiss warrant dismissal.

## II. Standard of Review

This Court applies de novo review to a judgment dismissing a petition. *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010). When relevant facts are uncontested, the question of whether a statute of limitations bars an action can be decided by a court as a matter of law. *State ex rel. Marianist Province of U.S. v. Ross*, 258 S.W.3d 809, 811 (Mo. banc 2008).

## III. Section 516.120(1) is the Applicable Statute

Rolwing's first point on appeal asserts that the trial court erred by not applying the 10-year statute of limitations in section 516.110(1). "Missouri has two statutes of limitations relating generally to contract actions: sections 516.110(1) and 516.120 ...." *Hughes Development Co. v. Omega Realty Co.*, 951

3

S.W.2d 615, 616 (Mo. banc 1997). Section 516.120(1) provides "[A]ll actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110(1) … must be brought within five years." Section 516.110(1) provides "an action upon any writing, sealed or unsealed, for the payment of money or property" must be brought within 10 years.

There is no dispute that the merger agreement contained a promise to pay $33.50 per share to Ralston shareholders. Rolwing contends that this promise to pay money requires application of the 10-year statute for "an action upon a writing … for the payment of money." Adopting Rolwing's position would require this Court to hold that the 10-year statute applies to every breach of contract action involving a contract that includes a promise to pay money even when the plaintiff is not seeking recovery of the money that was promised to be paid.

Conversely, Nestle argues that the 10-year statute applies only when the writing contains a promise to pay money and the plaintiff seeks a judgment for the payment of money that the defendant agreed to pay. In other words, Nestle's position is that the 10-year statute applies only if the promise sued upon is the promise for the payment of money in the contract. Nestles' interpretation is correct.

Section 516.110(1) is an exception to the general five-year limitations period established by section 516.120(1).[2] The exception mentioned in section 516.110(1) consists of "actions upon a written contract … for the payment of money or property." The plain language of section 516.120(1), however, applies generally to all breach of contract actions, including written contracts containing a promise for the payment of money or property. If this Court adopts Rolwing's argument that section 516.110(1) applies to all breach of contract actions involving a contract that includes a promise to pay money or property, with no requirement that the plaintiff seek a judgment for recovery of the money promised, then section 516.110(1) and section 516.120(1) often will conflict. Section 516.110(1) -- the exception -- would overcome the generally applicable five-year limitations period established by section 516.120(1).

The correct application of sections 516.110(1) and 516.120(1) was set forth by this Court in *Hughes*, 951 S.W.2d 615. In *Hughes*, the issue was whether the five-year statute or the 10-year statute applied to an action to recover money allegedly earned and payable under a written contract for services. *Id.* at 616. The precise issue in *Hughes* was whether the 10-year statute applied only when the contract at issue established an absolute and fixed liability without resort to extrinsic evidence. *Id.* Although some prior cases indicated that the 10-year

_____

[2] *See, e.g.*, *Capital One Bank v. Creeds,* 220 S.W.3d 874, 877-878 (Mo. App. 2007) ("Section 516.120 states the general rule that actions on contracts must be brought within five years.").

5

statute did not apply if resort to extrinsic proof was necessary to ascertain the amount owed, this Court held that the 10-year statute contained no requirement that the amount owed must be determinable without resort to extrinsic evidence. *Id.* at 617. Instead, the 10-year statute established by section 516.110(1) "applies to every breach of contract action in which the plaintiff seeks a judgment from the defendant *for payment of money the defendant agreed to pay in a written contract.*" *Id.* (Emphasis added). The Court concluded that section 516.110(1) applied because the plaintiff sought a judgment against the defendant for payment of money as agreed to in the contract. *Id.*

A year later, in *Community Title Co. v. Stewart Title Guaranty Co.*, 977 S.W.2d 501, 502-503 (Mo. banc 1998), this Court held that the 10-year statute applied to a suit seeking to recover a specified amount of money that had been promised in a written contract. *Community Title* established that, once it is shown that the writing is for the payment of money and that the writing contains a promise to pay money, the exact amount to be paid or other detail of the obligation may be shown by extrinsic evidence – but not the promise itself." *Id.* at 502.

The foregoing cases establish that the 10-year statute of limitations applies when a plaintiff files suit to enforce a written promise to pay money. Section 516.110 does not apply to an action alleging a breach of a written contract and that seeks money damages, such as the interest in this case, that is not based on a promise in the contract. Rolwing's petition alleges entitlement to interest at the statutory rate based on custom and practice rather than on the language of the

6

agreement to show an express or implied obligation to pay interest.

Consequently, the trial court did not err in concluding that the general five-year

limitations period in section 516.120(1) applies to Rolwing's action.

### IV. Section 516.120(1) was not Tolled During the Pendency of the Ohio Class Action

In his second and third points, Rolwing asserts the action is timely because

the five-year statute was tolled by a state court class action pending against Nestle

in Ohio. Rolwing asserts that tolling is required pursuant to *American Pipe &

Construction v. Utah,* 414 U.S. 538 (1974).

In *American Pipe*, the United States government filed a criminal antitrust

case as well as a civil action against several defendants. After the civil litigation

was settled, the state of Utah filed a class action lawsuit on behalf of Utah cities

and water and sewer districts. The district court denied class certification. Several

towns and districts that had been putative class members then filed motions to

intervene as individual plaintiffs. The defendants asserted that the individual

claims were barred by the statute of limitations. The Court held that the

limitations period for the individual actions was tolled by the pending class action.

This holding was based on the fact that the purpose of class actions is to promote

efficient, economic resolution of numerous individual claims. 414 U.S. at 553. If

the period limiting individual federal actions was not tolled during a pending

federal class action, then individual plaintiffs would be required to protect their

7

individual claims by filing individually while the class action was pending. This would defeat the purpose of class actions. *Id.*

*American Pipe* is materially distinguishable from this case. *American Pipe* involved the tolling of individual federal actions while a federal class action was pending to preserve the underlying purpose of the class action procedure. This case involves two independent state class actions. None of the concerns regarding preservation of the purpose of class actions is present in this case. *American Pipe* does not support Rolwing's tolling argument.

Additionally, Missouri law provides that a "statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to extend those exceptions." *Shelter Mutual Insurance Co., v. Director of Revenue,* 107 S.W.3d 919, 923 (Mo. banc 2003) (quoting *Cooper v. Minor*, 16 S.W.3d 578, 582 (Mo. banc 2000)). The only recognized equitable tolling principles apply when the plaintiff was prevented from timely filing suit by the defendant's actions or other pending litigation. *See Adams v. Division of Employment Security,* 353 S.W.3d 668, 673 (Mo. App. 2011). The pending Ohio class action is not a statutory or equitable basis for tolling under Missouri law.

In his fourth point, Rolwing asserts that that the trial court should have permitted him to amend his petition to allege that "all statutes of limitations have been tolled by facts and events outside the petition." This allegation is a legal

conclusion that properly was rejected because it identifies no legal or equitable basis of tolling.

Finally, Rolwing asserts that none of the other bases in Nestle's motion to dismiss warranted dismissal. This point is moot.

## V. Conclusion

This case is governed by the five-year statute of limitations in section 516.120(1). This five-year limitations period was not tolled by the Ohio class action. Rolwing alleges that the merger agreement was breached in 2001. The lawsuit was filed in 2011. As the trial court concluded, therefore, Rolwing's action is barred by the five-year limitations period in section 516.120(1). The judgment is affirmed.

_____
Richard B. Teitelman, Judge

All concur.

9