# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2265

_____

Deanthony Thomas; Susan Jelinek-Thomas; Steven M. Rich; George Bennett;
Daniel Emily; Sandra Emily; Mark Fisher; Rachelle Hamrick; Thomas Kartman;
Maritza Kartman; Michael Lorge; Yolanda Lorge; Alan Parks; Jackie Parks; John
Rumans; Jeanne Rumans; Jason Thrasher; Janet Thrasher; Donn A. Wright;
Theresa Klein-Wright

*Plaintiffs - Appellants*

v.

US Bank NA ND

*Defendant*

U.S. Bank National Association; Ace Securities Corp. Home Loan Trust 1999-A;
Associates First Capital Corporation, doing business as The Associates; Challenge
Realty; Community West Bank

*Defendants - Appellees*

FirstPlus Home Loan Owner Trust, 1996-2; FirstPlus Home Loan Owner Trust
1996-3; FirstPlus Home Loan Owner Trust 1996-4; FirstPlus Home Loan Owner
Trust 1997-1; FirstPlus Home Loan Owner Trust 1997-2; FirstPlus Home Loan
Owner Trust 1997-3; FirstPlus Home Loan Owner Trust 1997-4; FirstPlus Home
Loan Owner Trust, 1998-1; FirstPlus Home Loan Owner Trust 1998-2; FirstPlus
Home Loan Owner Trust 1998-3; FirstPlus Home Loan Owner Trust 1998-4;
FirstPlus Home Loan Owner Trust 1998-5

*Defendants*

Franklin Credit Management Corp.; German American Capital Corporation; JPMorgan Chase Bank, NA

*Defendants - Appellees*

Banc One Financial Services, Inc.

*Defendant*

PSB Lending Corporation; Santander Bank, N.A., formerly known as Sovereign Bank; UBS Real Estate Securities Inc., Inc.; Wells Fargo Bank, N.A.; Wilmington Trust Company; Does, 1 through 100

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: March 10, 2015
Filed: June 18, 2015

_____

Before MURPHY and SHEPHERD, Circuit Judges, and BROOKS,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

This putative class action was filed by Missouri borrowers who granted second mortgages on their homes through FirstPlus Bank, a now-defunct California

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas, sitting by designation.

-2-

company. The borrowers claim that they represent an estimated 1,600 Missouri homeowners who obtained second mortgage loans from FirstPlus. After issuing the loans, FirstPlus sold and assigned the loans and second mortgages to a number of other entities who constitute the defendant class in this action. The borrowers allege that FirstPlus and the defendants violated the Missouri Second Mortgage Loan Act (MSMLA) by charging and collecting impermissible fees which were rolled into and financed as part of the borrowers' principal loan amount. The district court[2] dismissed the action, concluding the claims were barred by a three-year statute of limitations and the action is not saved under class action tolling principles. Having conducted de novo review, we affirm. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (district court's grant of motion to dismiss is reviewed de novo).

I.

The borrowers argue the district court erred in determining the three-year statute of limitations applied to their claim. This issue has been previously addressed by the court, see Rashaw v. United Consumers Credit Union, 685 F.3d 739, 744 (8th Cir. 2012); see also Huffman v. Credit Union of Tex., 758 F.3d 963, 966 (8th Cir. 2014); Washington v. Countrywide Home Loans, Inc., 747 F.3d 955, 958 (8th Cir.), cert. denied, 135 S. Ct. 307 (2014), and for the reasons we enunciate today in Part III of James G. Wong, et al. v. Wells Fargo Bank N.A., et al., No. 14-1921, we again reject borrowers' argument. A three-year statute of limitations applies to actions brought under MSMLA.[3]

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

[3]We also reject, again for the reasons stated in Part III of James G. Wong, et al. v. Wells Fargo Bank N.A., et al., No. 14-1921, borrowers' argument that the district court erred in determining that their claims accrued on the date of the loan closing.

II.

Borrowers in this action also argue that, even if the three-year statute of limitations applies, their action survives as a matter of tolling and the district court erred in rejecting their tolling arguments. This argument also fails.

In 2000, a different set of named borrowers started a Missouri state court action based on the same MSMLA claims against FirstPlus. After three amendments, the state trial court granted summary judgment to the defendants in that action, "concluding as a matter of law that plaintiffs had no cause of action under [MSMLA]." Adkison v. First Plus Bank, 143 S.W.3d 29, 30 (Mo. Ct. App. 2004) (explaining procedural history in the trial court). The Missouri Court of Appeals upheld the grant of summary judgment in Adkison. Id.

The borrowers here argue they were members of the Adkison putitive class and thus their claims in this action against the purchasers and assignees of the FirstPlus loans (who were, with only a couple of exceptions, not named in the Adkison action) should be tolled from the filing of the Adkison action in 2000 until its dismissal in 2004. In support of its argument, borrowers rely on American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), claiming American Pipe stands for "'the principle that the filing of a class action tolls the applicable statute of limitations for all class members, whether or not the class member ultimately opts out of the class.'" (Appellant's Br. 47 (quoting without attribution May v. AC & S, Inc., 812 F. Supp. 934, 939 (E.D. Mo. 1993).)

Federal courts sitting in diversity apply state law regarding statutes of limitations, including state tolling laws. See Great Plains Trust Co. v. Union Pac. R.R., 492 F.3d 986, 992, 995 (8th Cir. 2007). The Missouri Supreme Court has recently clarified that "American Pipe involved the tolling of individual federal

-4-

actions while a federal class action was pending to preserve the underlying purpose of the class action procedure" but under Missouri law "'statute[s] of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to extend those exceptions.'" Rolwing v. Nestle Holdings, Inc., 437 S.W.3d 180, 184 (Mo. 2014) (en banc) (quoting Shelter Mut. Ins. Co. v. Dir. of Revenue, 107 S.W.3d 919, 923 (Mo. 2003) (en banc)); see also Vincent v. Money Store, 915 F. Supp. 2d 553, 560-61 (S.D.N.Y.) ("The American Pipe case concerned the tolling of claims under a federal statute, the Sherman Act. It did not purport to announce a rule that would apply to state law claims. . . . The plaintiffs cannot rely on American Pipe to toll the statutes of limitations for their state law claims. The plaintiffs must look to any state analogue to American Pipe tolling rather than American Pipe itself."), aff'd in part and vacated in part, 736 F.3d 88 (2d Cir. 2013). The borrowers attempt to avoid the Rolwing holding, arguing it is dicta or that it is only applicable to the facts presented there where the other class action was brought in a different forum. The Missouri Supreme Court has not so limited the Rolwing decision. See Ambers-Phillips v. SSM DePaul Health Ctr., 2015 WL 1926012 (Mo. April 28, 2015) (en banc) (noting that prior cases "have emphasized that it is up to the legislature to determine whether to adopt a discovery rule or equitable tolling in a particular case because 'a statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to extend those exceptions.'" (quoting Rolwing, 437 S.W.3d at 184)).

The borrowers do not argue that the Missouri legislature has permitted equitable tolling to class actions. Accordingly, we reject their claim that they are entitled to tolling of their claims based on the prior Adkison case.

III.

We affirm the district court's dismissal.

_____