In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

J & M SECURITIES, LLC, ) No. ED109169
 )
 Appellant, ) Appeal from the Circuit Court
 ) of St. Louis County
vs. )
 ) Honorable Lorne J. Baker
HANI S. AZIZ AND SANAA A. )
KAHALAH-AZIZ, )
 )
 Respondents. ) FILED: May 4, 2021

 J & M Securities, LLC (“Appellant”) appeals the entry of summary judgment in favor of

Hani S. Aziz and Sanaa A. Kahalah-Aziz (“Respondents”) as to Appellant’s petition for damages

arising out of a residential lease agreement. According to Appellant, the trial court erred in

concluding the claim was time-barred because it improperly applied the five-year statute of

limitations set forth in section 516.120(1)1 instead of the ten-year statute of limitations established

by section 516.110(1). The judgment is affirmed.

 Factual and Procedural Background

 On July 2, 2007, Respondents entered into a residential lease agreement with The Century

Group, Inc. (“Century”). The lease provided, in relevant part:

 11. REIMBURSEMENT: The Tenant shall promptly reimburse the Lessor for loss,
 damage, government fines, or costs of repairs or service on the premises due to a
 violation of the lease or rules, improper use of the premises, fixtures, appliances, or

1
 All statutory references are to RSMo (2016).
 facilities, or negligence of the Tenant or Tenant’s guests or occupants. The Lessor
 is not liable for, and Tenant shall pay for repairs, replacement costs, and damage to
 the following if occurring during the lease term or any renewal period: (1) damage
 to doors, windows, or screens; (2) damage from windows or doors left open; and
 (3) damage for wastewater stoppages caused by improper objects in lines
 determined to be originating from lines exclusively servicing your residence.

 ....

 21. CONDITION OF THE PREMISES AND ALTERATIONS: . . . . The Tenant
 must use customary diligence in maintaining the residence and not damaging or
 littering the common areas. . . . Tenant’s breach of this clause shall be considered
 Tenant abuse and Tenant shall reimburse Lessor for all costs of repair upon
 demand.

 ....

 23. REPAIRS AND MAINTENANCE: Tenant agrees to pay the Lessor for the
 reasonable cost of repairs, maintenance or any injury, defacement and damage to
 the premises, fixtures, and appliances therein, caused by the Tenant, his family,
 guests or invitees, ordinary wear excepted.

 On July 28, 2008, Respondents terminated the lease and vacated the premises. The

following week, Century mailed Respondents a “statement of damages,” which asserted

Respondents owed Century $633.00 for expenses arising from repairs, maintenance and cleaning

completed after Respondents vacated the premises. Respondents denied they ever received the

statement, and they did not pay the requested amount.

 Century later assigned its claim to Appellant, which filed this action on January 15, 2017—

more than eight years after Respondents terminated the lease—seeking the principal amount of

$633.00 plus prejudgment interest and attorney’s fees. Respondents sought summary judgment

on the basis that the action was barred by the five-year statute of limitations set forth in section

516.120(1). The trial court entered summary judgment in favor of Respondents, and this appeal

follows.

 2
 Standard of Review

 “Summary judgment is only proper if the moving party establishes that there is no genuine

issue as to the material facts and that the movant is entitled to judgment as a matter of law.”

Goerlitz v. City of Maryville, 333 S.W.3d 450, 452 (Mo. banc 2011). In considering an appeal

from the trial court’s entry of summary judgment, we “review the record in the light most favorable

to the party against whom judgment was entered.” ITT Commercial Fin. Corp. v. Mid-Am. Marine

Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). “The facts contained in affidavits or

otherwise in support of a party’s motion are accepted as true unless contradicted by the non-

moving party’s response to the summary judgment motion.” Green v. Fotoohighiam, 606 S.W.3d

113, 115 (Mo. banc 2020) (quoting Goerlitz, 333 S.W.3d at 452-53). Review on appeal “is

essentially de novo.” ITT, 854 S.W.2d at 376. “The propriety of summary judgment is purely an

issue of law.” Id.

 Discussion

 Appellant contends the trial court erred in entering summary judgment in favor of

Respondents because it improperly applied the five-year statute of limitations in section

516.120(1) instead of the ten-year statute of limitations in section 516.110(1). According to

Appellant, its petition was timely filed because the ten-year statute of limitations applies in that

Appellant was not seeking damages for breach of contract but was instead seeking to enforce a

promise for the payment of money.

 Missouri has two statutes of limitations generally relating to contract actions. See Hughes

Dev. Co. v. Omega Realty Co., 951 S.W.2d 615, 616 (Mo. banc 1997). Section 516.120(1), the

primary statute of limitations for contract disputes, provides that “[a]ll actions upon contracts,

obligations or liabilities, express or implied” must be brought within five years. Section

 3
516.110(1) provides an exception: “An action upon any writing, whether sealed or unsealed, for

the payment of money or property” must be brought within ten years. See Rolwing v. Nestle

Holdings, Inc., 437 S.W.3d 180, 182 (Mo. banc 2014). In other words, section 516.110(1)’s ten-

year limitation period “applies when a plaintiff files suit to enforce a written promise to pay

money.” Id. at 183. “The plain language of section 516.120(1), however, applies generally to all

breach of contract actions, including written contracts containing a promise for the payment of

money or property.” Id. at 182.

 “[T]he essence of a promise to pay money is that it is an acknowledgment of an

indebtedness, an admission of a debt due and unpaid.” DiGregorio Food Prods., Inc. v. Racanelli,

609 S.W.3d 478, 481 (Mo. banc 2020) (alteration in original) (quoting Martin v. Potashnick, 217

S.W.2d 379, 381 (Mo. 1949)). “[T]he promise to pay money must arise from the writing’s explicit

language; extrinsic evidence cannot supply the promise.” Id. Stated another way, “once it is

shown that the writing is for the payment of money and that the writing contains a promise to pay

money, the exact amount to be paid or other detail of the obligation may be shown by extrinsic

evidence—but not the promise itself.” Cmty. Title Co. v. Stewart Title Guar. Co., 977 S.W.2d

501, 502 (Mo. banc 1998).

 Resolution of this case turns on whether the lease provisions relating to repairs,

maintenance and cleaning actually contain a written promise to pay money—“an acknowledgment

of an indebtedness, an admission of a debt due and unpaid.” DiGregorio Food Prods., 609 S.W.3d

at 481 (quoting Martin, 217 S.W.2d at 381). Appellant claims the ten-year statute of limitations

applies because the lease contained “explicit language” of Respondents’ promise to pay—

specifically that Respondents “shall pay,” “agree[] to pay” and “shall reimburse” for repairs,

maintenance and cleaning. But nowhere in the lease provisions at issue is there an

 4
acknowledgment of a debt or an admission that a debt is due and unpaid. See id. All of the

promises to pay money with regard to repairs, maintenance and cleaning were conditional; in order

for the promises to be effective, Appellant must first show repairs, maintenance and cleaning were

necessary and that Respondents are liable for those expenses. Paragraph 11 of the lease provided

Respondents would reimburse for “loss, damage, government fines, or costs of repairs or service

on the premises due to a violation of the lease or rules, improper use of the premises, fixtures,

appliances, or facilities, or negligence of [Respondents or their] guests or occupants.” (emphasis

added). That paragraph further provides that Respondents would pay for repairs or replacement

costs if damage to certain parts of the property occurred during the lease term. Paragraph 21

required Respondents to use “customary diligence” in maintaining and not damaging the property

and states that Respondents’ “breach of this clause shall be considered Tenant abuse and

[Respondents] shall reimburse [Century] for all costs of repair upon demand.” (emphasis added).

Paragraph 23 stated that Respondents would be required to pay the reasonable costs of repairs

“caused by [Respondents or their] family, guests or invitees, ordinary wear excepted.” (emphasis

added).

 The lease provisions at issue did not contain an unconditional promise to pay money. See

Van Stratten v. Friesen, 841 S.W.2d 750, 752 (Mo. App. S.D. 1992). Because the lease did not

acknowledge a debt with regard to repairs, maintenance and cleaning and admit that such a debt

was due and unpaid, the five-year statute of limitations in section 516.120(1) applies, and

Appellant’s claim is time-barred. See id. The trial court properly entered summary judgment in

favor of Respondents.

 5
 Conclusion

 For the foregoing reasons, the judgment is affirmed.

 _______________________________
 MICHAEL E. GARDNER, Judge

Gary M. Gaertner, Jr., P.J., concurs.
Philip M. Hess, J., concurs.

 6