

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| JOHN MARCUS SOMMERS, | ) |
| | ) |
| Appellant, | ) |
| | ) WD86387 |
| v. | ) |
| | ) OPINION FILED: |
| | ) September 3, 2024 |
| | ) |
| KRUSE MENNILLO, LLP, et al., | ) |
| | ) |
| Respondents. | ) |

**Appeal from the Circuit Court of Buchanan County, Missouri
The Honorable Daniel F. Kellogg, Judge**

**Before Division One:** Edward R. Ardini, Jr., Presiding Judge,
Mark D. Pfeiffer and Cynthia L. Martin, Judges

This appeal demonstrates the unnecessary confusion relating to the statute of limitations applicable to a breach of contract action in which the plaintiff seeks a judgment from the defendant for payment of money the defendant agreed to pay in a written contract. As our Supreme Court has clearly stated, the applicable statute of limitations is section 516.110(1)[1], which permits the claim to be brought within ten years.

---

[1] All statutory references are to THE REVISED STATUTES OF MISSOURI 2016, as supplemented.

In this appeal, Mr. John Marcus Sommers ("Sommers") argues that his claims for breach of the written employment contract with his employer, Kruse Mennillo L.L.P. ("Employer"), should not have been dismissed by the Circuit Court of Buchanan County, Missouri ("trial court"), pursuant to Employer's motion to dismiss on the assertion that the five-year statute of limitations applies to bar Sommers's breach of contract claims. We agree with Sommers as to his breach of contract claims against Employer and, accordingly, reverse in part and affirm in part the trial court's dismissal judgment below.

**Claims Not Challenged on Appeal**

Before addressing the substantive merits of Sommers's sole point on appeal relating to two counts of breach of a written contract of employment, we first identify those counts of Sommers's petition and parties below that were dismissed by the trial court's dismissal judgment and are not challenged on appeal.

Sommers asserted five counts in his petition below: two for breach of contract; two for the creation of a constructive trust; and one for fraud. Sommers brought all five of these claims against two distinct sets of defendants: (1) Employer and (2) its employees in their individual capacities. Although the trial court dismissed every claim in Sommers's petition, Sommers's single point on appeal argues only that the trial court erred in dismissing his breach of contract claims as barred by the statute of limitations. He makes no mention of the dismissed constructive trust or fraud claims anywhere in his appellate briefing. Failing to raise a claim of error against a trial court ruling in a "point relied on" waives any argument that the ruling was erroneous. *Geiler v. Liberty Ins. Corp.*, 621 S.W.3d 536, 546-47 (Mo. App. W.D. 2021); *see Sparks v. Sparks*, 417

2

S.W.3d 269, 291 n.21 (Mo. App. W.D. 2013) ("Our review is limited, however, to those issues raised in an appellant's point relied on."). Thus, Sommers waives any argument that the trial court erred in dismissing his claims for constructive trust or for fraud.

Additionally, the individual defendants argued below that Sommers's petition failed to state a breach of contract claim against them because the petition only alleged that Sommers had a written contract of employment with Employer, not the individual employees. This argument served as an alternative basis supporting the dismissal of the breach of contract claims with respect to the individual defendants. In order to succeed on appeal, an appellant must demonstrate that every basis supporting a ruling is erroneous. *STRCUE, Inc. v. Potts*, 386 S.W.3d 214, 219 (Mo. App. W.D. 2012). Because Sommers only claims the trial court erred in dismissing his breach of contract claims as time-barred and does not address the alternative basis for the dismissal of the claims against the individual defendants, he waives any claim that this alternative ground is erroneous. This failure to challenge both grounds for the dismissal of his breach of contract claims against the individual defendants is fatal to those claims. *Id.* Thus, the only claims remaining on this appeal are the two counts for breach of a written employment contract that were asserted against Employer.

**Standard of Review, Pertinent Facts, and Procedural History**

"We review the trial court's decision to grant a motion to dismiss *de novo*." *Richest v. City of Kansas City*, 643 S.W.3d 610, 613 (Mo. App. W.D. 2022) (internal quotation marks omitted) (quoting *Hartman v. Logan*, 602 S.W.3d 827, 835 (Mo. App. W.D. 2020)). Because this appeal comes from the grant of a motion to dismiss, we limit

3

our review exclusively to the face of Sommers's petition, assume all facts alleged in the petition to be true, and construe the allegations in Sommers's favor. *Id.* Based on this lens of review, Sommers has adequately alleged the following relevant facts:

In 2001, Sommers and Employer entered into a written employment contract detailing payments to be made to Sommers for work completed for clients of Employer; and, nearly two years later, Sommers received a written contract modification detailing a bonus formula that he would also receive as part of his compensation package described in the 2001 written employment contract.

Sommers's employment relationship with Employer ended in November 2011, after he performed his final service within the scope of his employment contract. At this time, Employer had failed to pay Sommers for hourly work, as documented in his periodically submitted timesheets, and bonuses required pursuant to the terms of his written employment contract with Employer.

Sommers filed his petition asserting breach of written contract claims for Employer's breach of contract for failing to pay him for hourly work performed for clients of Employer (Count I) and for bonus payments owed under the written contract (Count II) on May 28, 2021. Thereafter, Sommers voluntarily dismissed the petition without prejudice on July 7, 2021. Sommers refiled the same petition on July 6, 2022.[2]

---

[2] Pursuant to Missouri law, "where refiling of a lawsuit would otherwise be barred by an applicable statute of limitations, the savings statute allows the lawsuit to be refiled within one year of a 'nonsuit.' 'A dismissal without prejudice is a [form of] nonsuit and permits a party to bring another civil action for the same cause.'" *Zine v. Orskog*, 422 S.W.3d 422, 425 (Mo. App. W.D. 2013) (alteration in original) (citations omitted) (quoting *Molder v. Trammell Crow Servs., Inc.*, 309 S.W.3d 837, 841-42 (Mo. App.

4

Employer filed a motion to dismiss the refiled petition. With respect to the breach of contract claims, Employer argued that the five-year statute of limitations applied to bar Sommers's petition. The trial court sustained the motion to dismiss without explanation. "When the trial court does not state a basis for dismissal, we presume that it was based on the grounds alleged in the motion to dismiss[.]" *Dean v. Noble*, 477 S.W.3d 197, 203 (Mo. App. W.D. 2015) (citing *Damon v. City of Kansas City*, 419 S.W.3d 162, 176 (Mo. App. W.D. 2013)). Therefore, we presume the trial court concluded the five-year statute of limitations was applicable to Sommers's claims for breach of contract against Employer and dismissed those claims for that reason.

As explained above, Sommers's only allegation of error on appeal as to the trial court's ruling is as to the breach of contract claims against Employer. Sommers has not asserted any claims of trial court error in dismissing claims against individual defendants and has not asserted any claims of error with regard to the counts of his petition asserting claims of fraud or constructive trust. Thus, the trial court's dismissal judgment as to the individual defendants and the claims of fraud and constructive trust are affirmed and we limit our discussion on this appeal to Sommers's breach of contract claims against Employer.

---

W.D. 2010)). Thus, as long as Sommers's initial petition was timely filed on May 28, 2021, the savings statute prevents the statute of limitations from barring the refiled petition.

**The Applicable Statute of Limitations**

In determining whether the five-year or ten-year statute of limitations is applicable

to a breach of contract claim, the *sole* consideration is whether there is *any breach of a*

*written promise to pay an amount of money*:

> Missouri has two statutes of limitation relating generally to contract actions . . . . Section 516.110(1) applies to an "action upon any writing, whether sealed or unsealed, for the payment of money or property" and allows the claim to be brought within ten years.  Section 516.120(1) applies to "[a]ll actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110."  Under 516.120, all claims must be brought within five years.
>
> . . . .
>
> Despite nearly a century and a half of experience with these statutes of limitation, Missouri appellate courts have lurched unevenly from holding to holding, unable to craft a principled interpretation of the statutory language that could produce either consistency or predictability of application.
>
> . . . .
>
> Given the state of the case law, we are fully justified in ignoring the precedent in favor of the statute itself.  Section 516.110(1) is not ambiguous if one reads it without concern for outcome.  Taken at its plain meaning, section 516.110(1), the ten-year statute of limitations applies to every breach of contract action in which the plaintiff seeks a judgment from the defendant for payment of money the defendant agreed to pay in a written contract.  Section 516.110(1) imposes no requirement that the amount the defendant owes as a result of the written contract be determinable without resort to extrinsic evidence and neither shall we.  This is the application of section 516.010(1), *admittedly quite broad*, that we adopt.

*Hughes Dev. Co. v. Omega Realty Co.*, 951 S.W.2d 615, 617 (Mo. banc 1997) (alteration

in original) (emphasis added); *see also Cmty. Title Co. v. Stewart Title Guar. Co.*, 977

6

S.W.2d 501, 502 (Mo. banc 1998).[3] The Supreme Court later reiterated that *Hughes* applies regardless of the written promise's subject matter and regardless of whether the promise requires reference to extrinsic evidence to determine the amount owed:

> In *Hughes*, the issue was whether the five-year statute or the 10–year statute applied to an action to recover money allegedly earned and payable under a written contract for services. The precise issue in *Hughes* was whether the 10–year statute applied only when the contract at issue established an absolute and fixed liability without resort to extrinsic evidence. Although some prior cases indicated that the 10–year statute did not apply if resort to extrinsic proof was necessary to ascertain the amount owed, this Court held that the 10–year statute contained no requirement that the amount owed must be determinable without resort to extrinsic evidence. Instead, the 10–year statute established by section 516.110(1) "applies to *every* breach of contract action in which the plaintiff seeks a judgment from the defendant for *payment of money the defendant agreed to pay in a written contract*." The Court concluded that section 516.110(1) applied because the plaintiff sought a judgment against the defendant for payment of money as agreed to in the contract.

*Rowling v. Nestle Holdings, Inc.*, 437 S.W.3d 180, 183 (Mo. banc 2014) (internal citations omitted) (first emphasis added) (citing *Id.* at 216-17).

And, though the *general* rule is that the applicable statute of limitations begins to run when a plaintiff is capable of ascertaining the damages caused by the defendant, § 516.100, when the terms of a written employment agreement do not specify a time for the payment of the employee's compensation—like the written employment agreement here—the compensation to the employee is not due until the end of the term of employment.

---

[3] In its appellate briefing, Employer cites to pre-*Hughes* precedent to support its five-year statute of limitations argument, expressly disregarding the mandate of *Hughes Dev. Co. v. Omega Realty Co.*, 951 S.W.2d 615, 617 (Mo. banc 1997), directing us to "ignore" such precedent on this topic.

7

"Normally, on a claim for services rendered, the statute [of limitations] will begin to run at the end of the term of employment, or whenever the wages are due and payable, as specified in the contract." *Machens v. Est. of Machens*, 650 S.W.2d 19, 20 (Mo. App. E.D. 1983). For this reason, Missouri courts have consistently held that a cause of action for the breach of a contract for continuous employment without a specified end date does not accrue until the employment relationship terminates or until the final act within the scope of employment is completed. *Berlin v. Pickett*, 221 S.W.3d 406, 411 (Mo. App. W.D. 2006) ("In an implied contract action, if all services performed constitute a single, continuous whole, then the cause of action accrues when the last service is performed."); *Terry v. Eikenbary*, 853 S.W.2d 470, 471 (Mo. App. W.D. 1993) ("However, in an action for recovery based on personal services, if the services contracted for are a 'single, entire, continuous employment,' the statute of limitations begins to run on the last date upon which services are performed or when employment is terminated."); *Minor v. Lillard*, 289 S.W.2d 1, 6 (Mo. 1956) (collecting cases recognizing that courts have allowed the recovery of breaches in employment contracts that occurred forty years before the filing of the action when the employment was continuous).[4]

---

[4] Employer cites to many of these cases as employment cases applying the five-year statute of limitations; but, they do not. In all of these cases, the principle issue was *when* the statute of limitations runs on a claim by a plaintiff for unpaid wages under an employment agreement, not *which* statute of limitations applied. In each of these cases, either the lawsuit had been brought by the employee before *both* the five or ten-year statute of limitations so the limitations period was not at issue or the employment relationship was a verbal, not written, contract—and, in that instance, was undisputedly controlled by the five-year statute of limitations.

Employer also cites to *DiGregorio Food Products, Inc. v. Racanelli*, 609 S.W.3d 478 (Mo. banc 2020), for the proposition that restaurant purchase orders were deemed by

Further, this rule applies to both express and implied employment contracts. *Minor*, 289 S.W.2d at 6 ("It is of the essence of a claim for services rendered over an extended period of time, under either an express or implied contract which does not fix the terms of employment or the time when compensation shall be paid, that the services must have been continuous. . .").

Here, Sommers has alleged that he and Employer entered into a written employment contract in 2001 for continuous employment without a specified end date; Sommers has alleged that the end of the term of his continuous employment with Employer occurred in November 2011; Sommers has alleged that Employer breached the terms of his written employment agreement by failing to pay him for hourly labor and bonus compensation as specified in his written agreement with Employer.[5]

On these facts, as long as Sommers filed his petition on or before November of 2021, it is timely. Sommers did so by filing his original petition on May 28, 2021.[6] It

___

the court *not* to constitute a written contract and, accordingly, the five-year statute of limitation was applicable. This case is likewise inapposite because Sommers's timesheets were not alleged to be *the contract*; instead, those timesheets were nothing more than permissible extrinsic evidence showing how much Sommers was owed under the written employment agreement he had with Employer.

[5] One of Employer's arguments on appeal is to challenge these "facts" as alleged in Sommers's petition. But, any such suggestion relating to a factual dispute is not appropriate at the motion to dismiss stage of the proceedings. Instead, we must accept as true the factual allegations from the petition in evaluating the propriety of granting a motion to dismiss the petition.

[6] Nobody disputes on appeal that Sommers voluntarily dismissed his petition without prejudice on July 7, 2021; that the savings statute authorized Sommers to refile his petition within one year of the nonsuit; and, that Sommers refiled the lawsuit within that one-year savings statute—on July 6, 2022.

9

was, thus, error for the trial court to dismiss Sommers's breach of contract claims against Employer on the basis that the claims were barred by the statute of limitations.

Sommers's point on appeal is thus granted on the limited basis for which it asserted relief—to reinstate his claims against Employer (Counts 1 and II of his petition) for breach of contract.

## Conclusion

The judgment of dismissal of the trial court is reversed as to Sommers's breach of contract claims against Employer and affirmed in all other respects. We remand the case to the trial court for further proceedings consistent with today's ruling.

_____
Mark D. Pfeiffer, Judge

Edward R. Ardini, Jr., Presiding Judge, Cynthia L. Martin, Judge, concur.

10