

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| ENGINEERED SALES ACQUISITION CORPORATION, | ) ) ) | No. ED112315 |
| Appellant, | ) ) | Appeal from Circuit Court of St. Louis County |
| vs. | ) ) | 23SL-CC01695 |
| MISSOURI AMERICAN WATER COMPANY, AND TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) | Honorable Stanley J. Wallach |
| Respondents. | ) | Filed: September 24, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

### OPINION

This appeal arises after the trial court dismissed with prejudice on statute of limitations grounds Engineered Sales Acquisition Corporation's (ESI) petition against Missouri American Water Company (MAWC) and Travelers Property Casualty Company of America which had sought damages for flooding that took place on ESI's property in 2017. In their motions to dismiss, MAWC and Travelers claimed that the five-year statute of limitations barred ESI's claim because the flooding took place in 2017 and ESI filed its lawsuit in 2023. ESI alleged in its petition that MAWC and Travelers had agreed to waive or toll the statute of limitations defense until ESI's damages expert had completed his analysis and report regarding a portion of

ESI's claimed damages, namely, the extent of any *underground* flood damage that may have occurred. MAWC and Travelers claimed ESI failed to adequately plead that agreement.

ESI now claims that the trial court erred because (1) its action was not time-barred since it pleaded that MAWC had agreed to waive or toll the statute of limitations pending the completion of the expert's assessment and report on any underground flood damage; (2) the statute of limitations had not run because ESI did not know the extent of its damages such that those damages were not capable of ascertainment until the expert completed his report; and (3) ESI adequately pleaded a direct cause of action against Travelers, MAWC's property casualty insurer, since its petition established Travelers took affirmative and deceptive steps regarding its willingness to waive or toll the statute of limitations which pleading thus avoided the general prohibition on direct claims against an insured's insurer.

We reverse and remand in part upon our finding that ESI's petition sufficiently pleaded, by the thinnest of margins, the ultimate fact that the parties had agreed to waive or toll the statute of limitations and such allegation was not a legal conclusion. We affirm, however, the trial court's dismissal of ESI's claim against Travelers since ESI's pleading has failed to state a direct claim against Travelers in its status as MAWC's insurer on this claim.

## Background

On June 12, 2017, flooding damaged the building and parking lot which ESI was leasing at 18 Progress Parkway (Property) in Maryland Heights, Missouri. ESI claimed the water caused over $100,000 in damage to the above ground areas of the Property and an unknown amount of subterranean damage.

Since MAWC had recently worked on the water mains and pipes located on or near the Property, ESI submitted a claim for the damage to MAWC's insurer, Travelers. Travelers accepted on MAWC's behalf the known damage claim to the surface areas and agreed in writing

2

to pay ESI $33,406 for that loss. Then, Travelers sent ESI a complete release of *all* claims in exchange for the $33,406. When ESI balked, Travelers told ESI it could hire an engineer at its own expense to determine whether and to what extent any underground damage had occurred. ESI proceeded down that road and no money or release exchanged hands.

In 2023, ESI provided Travelers the expert report which found that ESI's total damages, surface *and* underground, exceeded $100,000. ESI cited the pandemic for the several years' delay. Travelers, again on MAWC's behalf, denied ESI's claim in its entirety including the surface damage claim for which Travelers had previously offered $33,406.

In April 2023, ESI initiated this litigation and on September 6, 2023, filed its first amended petition against MAWC and Travelers. Soon after, ESI and Travelers filed their motions to dismiss on statute of limitations grounds with Travelers adding that ESI had no direct claim against Travelers in its status as MAWC's insurer. The trial court stayed discovery pending its ruling on the motions and on October 2, 2023, the court granted both motions to dismiss with prejudice.

This appeal follows.

## Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. *Mosley v. English*, 501 S.W.3d 497, 503 (Mo. App. E.D. 2016). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). "We determine if the facts alleged meet the elements of a recognized cause of action ...." *LeBlanc v. Research Belton Hosp.*, 278 S.W.3d 201, 204 (Mo. App. W.D. 2008).

"Our review of a dismissal of a petition as being time-barred by the expiration of the applicable statute of limitations requires an examination of the pleadings, allowing them their

3

broadest intendment, all facts alleged being treated as true, and construing allegations favorably to the plaintiff." *Dice v. Darling*, 974 S.W.2d 641, 643 (Mo. App. W.D. 1998). "When an affirmative defense is asserted such as a statute of limitation[s], the petition may not be dismissed unless it clearly establishes on its face without exception, that the action is barred." *Id.*

## Discussion

The first question is whether ESI sufficiently pleaded that the statute of limitations did not bar its claims because the parties had agreed to waive or toll the statute of limitations until ESI obtained its expert's report as to any underground damages. Our resolution of this issue leans on the language ESI employed in its petition and our well-worn standards when reviewing a motion to dismiss. And we find, again by the thinnest of margins, that ESI's allegations constituting such an agreement existed are factual allegations which we deem to be true, not legal conclusions to which we do not defer, and which are sufficient to survive dismissal.[1]

Missouri is a fact pleading state. *Doyle v. Crane*, 200 S.W.3d 581, 590 (Mo. App. W.D. 2006). The pleading must "contain a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 55.05. Ultimate facts, as opposed to evidentiary facts, must be pleaded. *Konopasek v. Konopasek*, 683 S.W.3d 250, 259 (Mo. banc 2023). Ultimate facts are those which the jury must find in order to return a verdict in favor of the plaintiff. *McConnell v. West Bend Mut. Ins. Co.*, 606 S.W.3d 181, 190 (Mo. App. W.D. 2020). Conclusory allegations of fact and legal conclusions, however, are not considered in determining whether a petition states a claim upon which relief can be granted. *Id.* Moreover, "[a] petition, although imperfectly or defectively stated, will be sustained if the allegations invoke substantial principles

---

[1] Based on our holding in Point I, we need not address ESI's arguments that its cause of action did not accrue until 2023 when its expert determined the full extent of its damages.

4

of law which may entitle the pleader to relief." *Schnabel v. Taft Broadcasting Co., Inc.*, 525 S.W.2d 819, 821 (Mo. App. 1975).

The defense that a claim is barred by the statute of limitations is an affirmative defense that must be pleaded and eventually, proved. Rule 55.08; *Patel v. Pate*, 128 S.W.3d 873, 876 (Mo. App. W.D. 2004). "Where a statute of limitations is asserted in support of a motion to dismiss, the petition should not be dismissed unless the petition clearly establishes on its face and without exception that it is time barred." *Id.* at 877. However, "[w]hen it is not clear from a petition that a cause of action is barred by the statute of limitations, a motion to dismiss on that ground should not be granted." *McCullen v. O'Grady*, 670 S.W.3d 94, 100 (Mo. App. E.D. 2023).

For their part, MAWC and Travelers claim that ESI's waiver or tolling allegation is a legal conclusion rather than a factual allegation and therefore we do not and cannot accept the allegation as true. We disagree.

The allegations in ESI's petition which we find to be relevant to our analysis are as follows:

¶ 16. Travelers thereafter demanded that before payment of any unknown damages to the engineered support wall that Plaintiff hire an engineer to assess whether there were additional undisclosed underground damages to the engineered brick and gravel retaining wall that supports the Plaintiff's parking lot.

¶ 17. It was agreed between all of the Parties that Plaintiff should undertake engineering assessments on the high engineered retaining wall, to determine the extent of any unknown underground concealed damages to the retaining wall that supports Plaintiff's parking lots.

¶ 18. Defendants advised Plaintiff that upon securing a report from such an engineer, it was agreed that a complete Release would then be executed to include any known and unknown part of the Plaintiff's damages.

¶ 19. Defendants did not offer or provide ESI with payment under a partial release for the $33,406 known aboveground damages and did not afford Plaintiff an opportunity to provide a partial release for such payment.

5

¶ 20. The parties <u>agreed to waive or suspend any limitations of action until completion of the agreed upon Plaintiff's engineer's report</u> on any underground and concealed damage and settling of any disturbed soil, gravel, rock and concrete wall.

¶ 21. Plaintiff, at Travelers' insistence, expended its own funds to obtain a professional engineer's inspection and report as to any unknown underground and undisclosed damage to the supporting wall.

¶ 22. Plaintiff provided that report to Defendants in 2023 in order to conclude the full claim as discussed above.

¶ 23. Plaintiff was not able to obtain an engineer's report earlier because of state government and local orders requiring shut-down of businesses in Missouri due to the Covid 19 pandemic and the Plaintiff's inability to obtain an engineer to do such a report during such period.

¶ 24. After being provided with the engineer's report, Defendant MAWC and its agent Travelers have now wrongfully refused to pay Plaintiff's claim and refused to honor their agreement to pay the known and unknown underground losses to Plaintiff.

(Emphasis added).

Given these pleadings, we reject the notion that ESI's claim that the parties agreed to waive or toll the statute of limitations was a mere legal conclusion. ESI's petition certainly alleged the agreement. But, significantly, it did much more than that. It presented the agreement in the factual context of the parties' communications and negotiations. When Travelers offered the $33,406, neither side knew the extent, if any, of the underground damages. So, when Travelers insisted on a full release which would have proscribed ESI's claim for underground damages, the parties reached a crossroads and ESI decided to pursue its claim for underground damages by hiring an expert at its own cost to investigate. It is in that context that ESI has alleged that the parties reached an agreement regarding the statute of limitations.

An example of a legal conclusion in the context of tolling agreements is displayed in *Rolwing v. Nestle Holdings, Inc.*, 437 S.W.3d 180, 184 (Mo. banc 2014). The Supreme Court found that the allegation that "all statutes of limitations have been tolled by facts and events

6

outside the petition" was a legal conclusion that was properly rejected because it identified no legal or equitable basis of tolling. *Id.* Again, here, ESI not only pleaded that the statute of limitations was waived or tolled – but ESI pleaded that MAWC and Travelers agreed to toll the statute until ESI provided the engineer's report, which we find to be *just* enough to overcome our lenient and forgiving pleading requirements. *Dice*, 974 S.W.2d at 643.

Furthermore, a similar yet distinguishable scenario occurred in *Hartman v. Logan*, 602 S.W.3d 827, 839 (Mo. App. W.D. 2020). There, plaintiffs asserted the trial court erred in dismissing on statute of limitations grounds their defamation and injurious falsehood claims because additional evidence was needed to determine when plaintiffs' claim accrued. *Id.* The Court rejected that argument because exhibits attached to plaintiffs' petition established the accrual date – that is, the date plaintiffs became aware of the defamatory comments such that the statute of limitations had expired and the trial court properly dismissed the petition. *Id.* Here, ESI did not include any exhibits to its petition and unlike in *Hartman*, there will likely be a need for additional evidence upon remand.

MAWC and Travelers rely on a number of cases purporting to support their position. Two of those cases, *Keehn v. Ruzicka Elec. & Sons, Inc.*, 251 S.W.3d 388, 389-90 (Mo. App. E.D. 2008); *Hunt v. State Farm Mut. Auto. Ins. Co.*, 560 S.W.2d 280, 281 (Mo. App. 1977), are readily distinguishable because they concern *summary judgments* granted on statute of limitations grounds, not *motions to dismiss*.

MAWC and Travelers also rely on *Dice*, 974 S.W.2d at 645, a paternity case, in which appellants claimed respondent had waived the statute of limitations defense by submitting to a blood test. The Court disagreed and found that the trial court did not err in granting respondent's motion to dismiss because appellants did not point to anything in the record, including the blood test, which showed a clear, unequivocal waiver of the defense. *Id.* Unlike in *Dice*, ESI has

7

alleged a clear, unequivocal waiver of the defense by alleging in detail an agreement to waive or toll the statute.

In addition, if MAWC and Travelers wanted the court to consider evidence outside the pleadings, they could have requested the court convert the motion to dismiss into a motion for summary judgment. Rule 55.27(a); *Hartman*, 602 S.W.3d at 837. They did not do so.

Certainly, upon remand, ESI may need to substantiate that this agreement existed inasmuch as under Rule 55.03(c), counsel must have a good faith basis for making this allegation in the petition but this substantiation is not required at this stage of litigation.

As for Point III, whether ESI adequately pleaded a direct cause of action against Travelers, we affirm the trial court's dismissal because "[t]he general rule is that an injured party cannot proceed in a direct action against an insurance company providing liability coverage for an insured who allegedly caused the harm sustained by the claimant." *Grisamore v. State Farm Mut. Auto. Ins. Co.*, 306 S.W.3d 570, 574 (Mo. App. W.D. 2010). None of the exceptions to this general rule, such as negligent misrepresentation or fraudulent misrepresentation on the part of the insurer, apply here since ESI did not adequately plead either exception.

## Conclusion

For the reasons set forth above, we affirm in part and reverse and remand in part.

James M. Dowd, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

8